UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

**NETWORK DATA ROOMS, LLC,**

                              Plaintiff,              Civil Case No.: 22-cv-02299-LGS

    -v-

**SAULREALISM LLC and RYAN SAUL,** in
Her individual and professional capacities,

                              Defendants.
_____

**CERTIFICATION OF RENEE M. WONG IN OPPOSITION OF PLAINTIFF'S APPLICATION BY ORDER TO SHOW CAUSE FOR A PRELIMINARY INJUNCTION AND *EX PARTE* APPLICATION FOR A TEMPORARY RESTRAINING ORDER UNDER F.R.C.P. 65 (a) and (b)**

Renee M. Wong, an attorney admitted to practice law before this Court, hereby certifies as follows:

1. I am *of counsel* for the law firm Goldberger & Dubin, P.C., attorneys of record for the Defendants SAULREALISM LLC (hereinafter "Saulrealism" or "Entity Defendant") and RYAN SAUL (hereinafter "Mr. Saul" or "Defendant").[1]

2. I submit this Certification in opposition to NETWORK DATA ROOMS, LLC (hereinafter "NDR" or "Plaintiff") Application by Order to Show Cause for a Preliminary Injunction and Ex Parte Temporary Restraining against Defendants SAULREALISM LLC AND RYAN SAUL.

3. As set forth in the accompanying Declaration of Ryan Saul (hereinafter referred as "Saul Decl."), the Defendants collectively do not possess any copies of the codebase (original

---

[1] The Caption, Verified Complaint, and other documents submitted by the Plaintiff refer to Defendant Ryan Saul as female. Based upon my conversations with Ryan Saul, a review of a driver's license, and an independent data base search, Ryan Saul is male. Mr. Saul has also indicated to me that he would like me to address him as male.

decompiled, copies, or other) of the DealTable Virtual Data Room Platform Software from September 26, 2021 through January 18, 2022, or for any time period.

4. Paragraph (a) of the Plaintiff's Application by Order to Show Cause requests,

    (a) pending the hearing and determination of this action, enjoining Defendants, and their agents, representatives , employees or anyone else acting on their behalf or in concert with them from destroying, disclosing, transferring or in any way using any of Plaintiff's confidential, proprietary, and trade secret information including but now limited to, the codebase of DealTable Virtual Data Room Platform software, and the decompiled source code written by Defendants between September 26, 2021 and January 18, 2022.

5. Defendants assert in the Saul Decl. that the neither the individual Defendant nor the Entity Defendant have possession of any of Plaintiff's codebase.

6. Paragraph (b) of the Plaintiff's Application by Order to Show Cause requests,

    (b) pending the hearing and determination of this action, directing Defendants to turn over to Plaintiff the original and all copies of the codebase of the DealTable Virtual Data Room Platform software and the decompiled source code written by Defendants between September 26, 2021 and January 18, 2022, in their possession, custody, or control;

7. Defendants assert in the Saul Decl. that the neither the individual Defendant nor the Entity Defendant have possession of any of Plaintiff's codebase, and therefore do not have anything to produce pursuant to paragraph (b).

8. It is requested that the appended Saul Decl., be in full satisfaction of the requested relief found within paragraph (b).

9. Paragraph (c) of the Plaintiff's Application by Order to Show Cause requests,

    (c) pending the hearing and determination of Plaintiff's application for a preliminary injunction, the Defendants and their agents, representatives, employees or anyone else acting on their behalf or in concert with them, are temporarily restrained and enjoined from destroying, disclosing, transferring, or in any way using any of Plaintiff's confidential, proprietary, and trade secret information including by not limited to, the codebase of the DealTable Virtual Data Room Platform software, and the decompiled source code written by Defendants between September 26, 2021 and January 18, 2022.

10. Defendants assert in the Saul Decl. that the neither the individual Defendant nor the Entity Defendant have possession of any of Plaintiff's codebase.

11. The Defendants do not contest that Plaintiff is the rightful owner of certain software and its underlying source code.

12. The Defendants deny the allegations asserting that the Defendants have misappropriated trade secrets under the 2016 Defense of Trade Secrets Act, 18 U.S.C. § 1836, *et seq*. and New York common law.

13. The only evidence Plaintiff has asserting that Defendant has stolen, or deleted code is a declaration from consultant David Delorge.

14. Pursuant to information found within the Saul Decl., David Delorge has a history of conflict within the NDR organization and specifically threatened to steal the NDR code base himself.

15. Accordingly, NDR's motion for a temporary restraining order preventing disclosure and destruction of the decompiled source code from September 26, 2021 through January 18, 2022, and for a mandatory injunction directing Ryan Saul to return the source code, should be denied.

Dated: New York, New York
April 11, 2022

Respectfully submitted,

Goldberger & Dubin, P.C.

/s/Renee M. Wong
Renee M. Wong, Esq.
*Of Counsel*
401 Broadway, Suite 306
New York, New York 10013
Tel: (212) 431-9380
Email: renee@wonglaw.net

4