

ALLYN & FORTUNA LLP
ATTORNEYS AT LAW

NEW YORK
400 MADISON AVE., 10TH FL
NEW YORK, NEW YORK, 10017
TELEPHONE: **(212)213-8844**
FACSIMILE: **(212)213-3318**

NEW JERSEY
51 JFK Parkway
Short Hills, New Jersey 07078
Telephone (973) 379-0038
Facsimile (973) 379-0048

WWW.ALLYNFORTUNA.COM

April 22, 2022

**Via ECF**
Honorable Lorna G. Schofield
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

    Re:  22-cv-02299-LGS
        Network Data Rooms, LLC v. Saulrealism LLC et al
        Plaintiff's Request for Appointment of Independent Expert

Dear Judge Schofield,

  Allyn & Fortuna LLP represents the plaintiff, Network Data Rooms, LLC, in connection with the above-referenced action. We are writing jointly with counsel for Defendant pursuant to Your Honor's order dated April 21, 2022 to present Plaintiff and Defendants' respective positions on whether the Court should reserve decision on Plaintiff's motion for a preliminary injunction pending the appointment and receipt of a report from an independent expert.

**Plaintiff's Position**

  Plaintiff submits that its only incentive in bringing this action is to recover the decompiled source code written by defendant Ryan Saul between September 26, 2021 and January 18, 2022, in furtherance of his duties as a backend developer retained by Plaintiff to work on its confidential DealTable VDR Platform. There is no dispute that the source code constitutes a trade secret belonging to Plaintiff, that Defendants had a duty to maintain the confidentiality of Plaintiff's trade secrets and to adhere to the security protocols and measures in place in working with the code. Through the written and testimonial record developed as part of Plaintiff's application for a preliminary injunction, the sole disputed issue is whether Defendant is currently in possession or control of the code. Defendant contends that the code had been committed by him to Plaintiff's Microsoft Azure DevOps Repository, as it was being developed between September 26, 2021 and January 18, 2022 in accordance with Plaintiff's policies and saved on either a branch called "Ryan Development" or "Net Road Show." Plaintiff presented evidence that no code was saved on the "Ryan Development" branch after June 24, 2021 and submits that there never existed a branch called "Net Road Show."

  It is submitted that the veracity of Defendants' and Plaintiff's positions can be determined by an independent expert who can be provided with access to Plaintiff's complete Microsoft Azure Account and can analyze Plaintiff's Microsoft Azure account/repository,

Defendant's virtual desktop, the file and activity history for the Azure account and the virtual desktop to confirm what code/files were created and saved on the portal and where, whether any files were deleted from the portal or virtual desktop, when and how, as well as to determine from where code was deployed to the web application between September 26, 2021 and January 18, 2022 (whether from within the portal or from an outside system). Also available for review are records maintained on Plaintiff's Microsoft Azure account including all emails associated with the account, notes from the twice daily meetings between defendant Ryan Saul, Thomas Concannon and David Delorge, which are recorded and saved, and there can be a review and assessment the security measures for logging into Plaintiff's Microsoft Azure DevOps account, and how and from where defendant Ryan Saul accessed the system on January 18, 2022. A copy of the transcript of the preliminary injunction hearing can also be provided to the expert to assist them in framing the issues to be addressed in their report to the court. Further, counsel for the parties can prepare a list of items to be reviewed by the independent expert.

It is submitted that the expert should be both a qualified Microsoft Security Engineer and a qualified Microsoft DevOps Engineer and should have no prior knowledge or relationship of any kind with the Plaintiff or any of its employees or consultants or Defendants. Plaintiff proposes that counsel for the parties exchange names of potential experts, similar to the procedure followed in selecting a mediator, and the court appoint an expert agreed upon by both parties or, alternatively, the parties can each submit a list of three potential experts to the court and the court can select the expert. In identifying potential experts, Plaintiff proposes using a technical expert search firm or a headhunter.

Plaintiff estimates that the expert's review of the system could take up to 30 hours, plus additional time to prepare a report. The independent expert can submit its report to the court and to counsel simultaneously. It is within the court's discretion to place whatever weight it deems appropriate on the independent expert's report. However, Plaintiff submits that the Court should reserve making a final decision on Plaintiff's preliminary injunction motion until it reviews the independent expert's report and base its decision on all available evidence.

Defendants will not be financially burdened or prejudiced by the appointment of the independent expert or in the court delaying its decision until after receipt of the expert report, as doing so will not change the status quo of this case since Defendants have already consented to the continuation of the TRO. Moreover, Plaintiff is willing to pay the entirety of the costs and as a court-appointed expert, the expert will not be working for either party. Furthermore, the appointment of an independent expert at this stage does not prevent Defendants or Plaintiff from retaining their own experts as part of the discovery in this action. However, it could serve to narrow the issues in this litigation and avoid what could likely turn into a protracted and extremely costly litigation.

**Defendants' Position**

The Defendants in this action oppose Plaintiff's proposition that the Court should reserve judgment on Plaintiff's motion to allow the parties to jointly retain an independent expert to provide a report in this action. The only disputed relief sought in the Plaintiff's pending motion is an Order for the Defendant Ryan Saul to produce decompiled source code to the Plaintiff.

After a two-day hearing, the Plaintiff has not met its burden to show that the Defendant is in possession of the decompiled source code. The Defendant has submitted sworn testimony indicating that he does not possess or control the requested decompiled source code.

Currently the Defendants are scheduled to submit an Answer to the Complaint on May 6, 2022. There is an initial conference scheduled for May 18, 2022. There has been no discovery conducted or scheduled. At this time, the Defendants are only in possession of the limited exhibits produced for the Plaintiff's motion.

It is upon information and belief that the Plaintiff is seeking to have an expert report prepared regarding the Plaintiff's AzureDevOps system prior to a determination of the instant motion. It is possible through the normal course of expert discovery that the parties can jointly agree and retain an independent expert on the Plaintiff's Azure DevOps system. It may also be the case that competing experts are required. At this time, it is too early to make that determination.

Additionally, an expert report will not dispositively determine whether the Defendant Ryan Saul is in current possession of the decompiled source code. An expert report is likely needed to assist in the determination of the ultimate facts of the case, but it does not provide a determination regarding Plaintiff's instant requested relief.

It is respectfully requested that the Court deny Plaintiff's request for an Order requiring the Defendant to produce the decompiled source code.

**Conclusion**

Counsel for the parties thank the court for its attention and consideration in this matter.

Please let us know if you have any questions or require additional information in connection with this matter. Thank you for your consideration.

Respectfully submitted,

*/s/ Nicholas Fortuna*
Nicholas Fortuna

Cc: Renee Wong, Esq. (via ECF)

---

Plaintiff's proposal is adopted. The Court reserves decision on Plaintiff's motion for a preliminary injunction pending review of an independent expert's report. The parties shall meet and confer and by **May 6, 2022**, file a joint letter proposing three potential experts, the scope and expected duration of the expert's review.

SO ORDERED.

Dated: April 26, 2022
New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE