UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
──────────────────────────────────X
NETWORK DATA ROOMS, LLC,

                                                Plaintiff,

    -v-

SAULREALISM LLC and RYAN SAUL, in her individual
and professional capacities,

                                       Defendants.
──────────────────────────────────X

Civil Case No.:
22-CV-2299-LGS

May 11, 2022

                  Re: Network Data Rooms, LLC v. Saulrealism LLC et al (22-cv-02299-LGS)
                  Joint Letter

Dear Judge Schofield,

       Pursuant to this Court's Order dated April 6, 2022, please accept this jointly submitted letter in anticipation of the Initial Pretrial Conference scheduled before Your Honor on May 18, 2022 at 4:30 p.m.

       Allyn & Fortuna LLP represents the plaintiff, Network Data Rooms, LLC ("NDR"), in connection with the above-referenced action. Goldberger & Dubin, P.C., represents Saulrealism LLC and Ryan Saul. Attached is a proposed Civil Case Management Plan and Scheduling Order.

## 1. **Nature of this action and principal claims and defenses, and factual issues important to resolving the case**

    a. **Plaintiff's Position**

       Plaintiff NDR is the owner of certain software and its underlying source code being developed for establishing a virtual data room platform identified as "DealTable" for use in the financial industry in transacting business deals such as mergers and acquisitions, in a highly secure virtual environment capable of handling complex and high-volume transactions (hereinafter "DealTable VDR Platform"). In bringing this Action against defendants Saulrealism LLC and Ryan Saul (collectively referred to as "Saul" and/or "Defendants"), NDR seeks to protect and recover its trade secrets, and confidential and proprietary information, consisting of the original codebase for the DealTable VDR Platform and the source code for DealTable VDR Platform written by Saul between September 26, 2021 and January 18, 2022, which Defendants have misappropriated, and NDR fears is at risk of being destroyed.

       Plaintiff's claims against Defendants arise from their breach of their obligations under the consulting and non-disclosure agreement entered into with Plaintiff, when, after NDR terminated the parties' relationship, Saul deleted the DealTable marketing website, the DealTable application, the DealTable database and database connection, the DealTable website certificates, and the

current permissions and user data[1] and it was discovered that Saul stole the entire codebase for the DealTable VDR Platform and is unlawfully withholding from NDR the original source code written by Saul between September 26, 2021 and January 18, 2022, as a work for hire, which is owned by NDR and is a trade secret of NDR's, and which Saul is refusing to return to NDR.

Based on the foregoing, Plaintiff has asserted claims against Defendants for, inter alia, misappropriation of trade secrets under the 2016 Defense of Trade Secrets Act, 18 U.S.C. § 1836, *et seq.* ("DTSA") and New York common law, as well as for conversion, and breach of contract, and seeks to recover injunctive relief, actual and consequential damages, exemplary damages, attorney's fees, pre-judgment and post-judgment interest, costs, and such other and further relief deemed just and proper by this Court.

There does not appear to be a factual dispute between the parties as to whether the source code constitutes a trade secret belonging to Plaintiff, or that Defendants had a duty to maintain the confidentiality of Plaintiff's trade secrets and to adhere to the security protocols and measures in place in working with the code. However, there exist factual disputes as to from where Defendants were performing their code work and where the code was being saved, and whether Defendants are currently in possession or control of the code. It is these factual issues that would need to be explored during the discovery in this case. It is anticipated by Plaintiff that many of the factual issues raised during the preliminary injunction hearing and dispositive to many of the issues in this case, can be resolved based on the finding of the court-appointed independent expert. However, it is likely that resolving the disputed issue of Defendants' possession of the code will require discovery of Defendants' personal computer or portable or detachable hard drives, or mirror images thereof.

### b. **Defendants' Position**

Defendant Ryan Saul is the sole member of Defendant Saulrealism, LLC. Mr. Saul, through his business entity, offers backend software development on a consultant basis. On or about December 2020, Saulrealism, LLC, engaged in a consulting agreement with Plaintiff NDR to provide backend development work for the DealTable VDR Platform.

Plaintiff NDR is a family-owned company, with no clients and no outside investors. Plaintiff's corporate managers have no prior experience in the virtual data room space. Plaintiff is seeking entry into an already saturated VDR market. There has been gross mismanagement within the company, including negligent hiring and retention of a current consultant. Specifically, David Delorge is principally responsible for ensuring that all services and code were being backed up. NDR fails to acknowledge any responsibility for management's decisions, policies, and supervision of the project, and blames the company's failure on an individual software developer.

Mr. Saul asserts that the actual deconstructed code from September 26, 2021 through January 18, 2022 is not in his possession or control. The bulk of the DealTable VDR Platform backend development code was created prior to September 26, 2021. He further asserts that the code written after September 2021 was primarily frontend development code and it would not be costly or difficult to recreate. Defendants deny Plaintiff's claim that the existing source code is "incapable of being completed." Plaintiff has failed to mitigate its damages by hiring a competent developer capable of completing the software.

---

[1] Many of the deleted items were recovered except the DealTable application which was only partially recovered and the database connection which has not been recovered.

Defendant acknowledges that any code written for the purpose of the DealTable VDR Platform was performed for hire. There is no dispute that Mr. Saul does not work for any of the Plaintiff's "competitors." There are no allegations that this source code has been divulged by Mr. Saul to anyone.

Important factual issues to the defense of this action include Plaintiff's implementation of policies and procedures regarding security, demonstrating a need for discovery regarding Mr. Delorge's oversight of Plaintiff's security. NDR asserts a significant amount ($1,000,000) in monetary damages. As such, factual issues arise regarding NDR's corporate and financial records, and the loss of business opportunities. Necessary discovery will include disclosure of Plaintiff's current codebase to determine the feasibility and cost of recreating the code.

## 2. & 3. Basis for subject matter jurisdiction and venue

This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the action arises under a federal statute, namely, the Defense of Trade Secret Act, 18 U.S.C. § 1836 (3)(c). This Court also has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367. In addition, the Court has jurisdiction over this action on the basis of diversity pursuant to 28 U.S. Code § 1332. The amount in controversy in this matter, exclusive of costs and interest, is in excess of $75,000.00. Furthermore, Plaintiff NDR is a limited liability company formed under the laws of the state of New York, whose members consist of Christopher Concannon, Thomas Concannon and Jack Concannon, who all reside in the state of New York. With regard to the citizenship of Defendants, Defendants, in their answer, admit that defendant Saulrealism LLC is a limited liability company formed under the laws of the state of Missouri, whose sole member is Ryan Saul. It is further admitted by Defendants that Mr. Saul resides and is a citizen of the state of Missouri.

Venue is proper in this district under 28 U.S.C. § 1391(b)(3) because defendants have consented to the personal jurisdiction of this court pursuant to a forum selection clause contained in the consulting agreement entered into between Plaintiff and Defendants which provides that "the venue for any dispute arising hereunder shall the state and federal courts located in New York County, State of New York, and each Party hereby consents to the jurisdiction of such court."

## 4. Contemplated Motions

Plaintiff has filed a motion for a preliminary injunction, which has been fully briefed and heard by the court. The court has agreed to refrain on rendering a decision on the motion pending the appointment, review and report of an independent expert who will be tasked with reviewing Plaintiff's Microsoft Azure Account/repository. Other than the pending motion, there are no outstanding motions and/or requests to file motions. Depending on the court's decision on the pending motion for preliminary injunction, Plaintiff, upon further discovery, may seek to file a further motion for injunctive relief and will likely seek to file a motion for summary judgment.

Defendants reserve the right to file a motion for summary judgment and have no other contemplated motions at this time.

### 5. Brief Description of Discovery to Date and Contemplated Discovery

To date, no exchange of discovery has taken place, other than the informal production by Plaintiff's counsel to Defendants' counsel of certain screenshots of Plaintiff's Microsoft Azure system, support Plaintiffs' claims. In addition to the usual discovery of records, communications, agreements, and meeting records, as discussed above, Plaintiff anticipates that discovery of Defendants' electronically stored information including his personal computer or portable or detachable hard drives, or mirror images thereof, will be necessary and material to the claims and defenses raised in this action. Defendants' asserted defense of not being in possession of Plaintiff's trade secrets, to having only worked on the virtual machine assigned to him by Plaintiff, and to having committed all code on NDR's Microsoft Azure DevOps repository render Defendants' computer and hard drive relevant and material.

Defendants anticipate the need for discovery of NDR's electronically stored information, including information contained in NDR's Microsoft Azure account and Microsoft Teams. Upon information and belief, NDR possesses a physical computer that Mr. Saul used to access NDR's account virtually. Defendants anticipate the need to obtain electronic discovery from that computer and/or hard drives. Defendants anticipate discovery regarding Plaintiff's financial and corporate records, and disclosure regarding alleged lost profits. An expert analysis of the existing NDR codebase may be material and necessary to determine the cost of reproduction of code.

### 6. Computation of Each Category of Damages

In addition to the injunctive relief sought by Plaintiff. Plaintiff seeks compensatory damages related to the costs expended in developing the source code for the DealTable Platform, which has been left unfinished and incapable of being completed without the missing source code and rendered totally useless. This amount is calculated to be approximately $1,000,000.00. With respect to consequential damages, Plaintiff will seek to recover the lost profits from not being able to launch the DealTable platform, as anticipated, and transition financial clients from NDR's members' financial printing company to the DealTable platform. The amount in lost profits is approximately $1,000,000.00. Plaintiff will also seek to recover its attorney's fees and exemplary damages under 18 U.S.C. § 1836 (3)(B).

### 7. Status of Settlement Discussions

Counsel for the parties have engaged in informal settlement discussions, the substance of which they prefer to keep confidential at this time. However, no settlement could be reached. Plaintiff and Defendants are amenable to appearing for a settlement conference.

Please let us know if you have any questions or require additional information in connection with this matter. Thank you for your consideration.

Respectfully submitted,

Nicholas Fortuna, Esq.
On behalf of Plaintiff
Allyn & Fortuna LLP

/S/ Renee Wong, Esq.
Renee Wong, Esq.
On behalf of Defendants
Goldberger & Dubin, P.C.
*Of Counsel*

Encls.

4