UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____X

NETWORK DATA ROOMS, LLC,                           Civil Case No.: 22-CV-2299-LSG

                              Plaintiff,

              -v-


SAULREALISM LLC and RYAN SAUL, in her individual
and professional capacities,
                              Defendants.
_____X


**STIPULATED JOINT PROTECTIVE ORDER GOVERNING DISCOVERY OF**
**CONFIDENTIAL AND PROPRIETARY INFORMATION**

IT IS HEREBY ORDERED that, pursuant to Rule 26(c) of the Federal Rules of Civil

Procedure, the following terms and conditions shall govern the treatment of confidential

information and documents produced or disclosed in the course of discovery in this action:

**GOOD CAUSE STATEMENT**

Pursuant to Fed. R. Civ. P. 26(c), the parties submit that good cause exists for entering this

Stipulated Protective Order as follows:

Plaintiff NETWORK DATA ROOMS, LLC ("Plaintiff") contends that much of the material

sought in discovery comprises trade secrets, closely guarded and secret confidential research and

technical information, and proprietary business and financial information of Plaintiff, the public

disclosure of which could cause genuine harm to Plaintiff. Plaintiff desires to protect competitively

sensitive information and otherwise confidential information from disclosure for purposes other

than this litigation.  If such information should become available to the public, Plaintiff believes

that it could work a serious injury to their business and put them at a competitive disadvantage in

the marketplace. *See Kewazinga Corp. v. Microsoft Corp.*, No. 1:18-CV-4500-GHW, 2021 WL

1222122, at *6 (S.D.N.Y. Mar. 31, 2021) ("'Courts commonly find that documents that contain trade secrets, confidential research and development information, marketing plans, revenue information, pricing information, and the like satisfy the sealing standard (internal citations omitted).'") In addition, Defendants Ryan Saul and Saulrealism LLC (collectively "Defendants") have an interest in protecting their privacy and the personal, business, and financial information.

During the course of discovery, Plaintiff and Defendants are expected to seek documents and information that the producing party believes should be protected from disclosure.  For the foregoing reasons, the Parties submit that good cause exists for entry of this [Proposed] Protective Order.  The Court concurs.

## DEFINITIONS

"CONFIDENTIAL" information is defined herein to mean information (regardless of how generated, stored or maintained) that is:   (1) competitively sensitive business or technical information; or (2) trade secrets; or (3) proprietary business methods or practices; or (4) information deemed confidential by the federal government; or (5) private personal information, including personal financial and/or medical information not otherwise available to the public; and (6) which is not publicly available.

"CONFIDENTIAL – ATTORNEYS EYES ONLY" information is defined to mean "CONFIDENTIAL" information (as defined above) whose disclosure to another party or non-party would create a heightened risk of harm to the competitive, commercial, financial, or business position of the Designating Party.

"Parties" is defined to mean, collectively, Network Data Rooms, LLC, and Ryan Saul and Saulrealism LLC.

**TERMS**

1.        Documents and things produced during the course of discovery deemed by the party producing or disclosing them ("the Producing Party") to contain confidential information may be designated by the Producing Party by marking the document or thing with the legend "CONFIDENTIAL" or CONFIDENTIAL-ATTORNEY'S EYES ONLY," as appropriate. Documents or files produced in native format may be designated confidential by separate letter or slipsheet indicating the Bates numbers and designations of each document so designated or file name.

2.        Any written discovery response containing confidential information shall be marked with the legend, "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEY'S EYES ONLY," as appropriate, and shall be identified as such in a searchable electronic format.

3.        In the event that a question is asked which calls for testimony disclosing confidential information, counsel for the Party claiming confidentiality may designate the question and answer thereto as confidential by making, at the deposition or hearing (or within 30 days after receipt of a final transcript), a statement so designating such portions, and shall direct the court reporter to identify transcript pages containing confidential information by prominently marking those pages with the legend "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEY'S EYES ONLY," as appropriate.

Nothing contained in the foregoing paragraphs shall prohibit a Party from designating any document, thing, testimony or information as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEY'S EYES ONLY" subsequent to its first disclosure or production, provided, however, that any such subsequent designation (a) must be in writing; (b) must specifically identify the document, thing, testimony or information designated; and (c) shall only apply to the treatment

and disclosure of such documents, things, testimony or information by the receiving party after such written designation is received by the receiving party.  Where the Producing Party designates information or materials "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEY'S EYES ONLY" pursuant to this paragraph, the receiving party shall immediately request return of the information or materials, and any copies thereof, and make all reasonable best efforts to retrieve the information or materials from any persons not authorized to hold them under this Order.

4.      Materials designated "CONFIDENTIAL," copies thereof, and any confidential information contained therein shall not be disclosed to any person except:

a.      to Parties in this litigation and their counsel, employees of counsel, and/or other professionals who are engaged by one of the Parties in the prosecution or defense of this litigation, who shall use such information solely for purposes of this litigation;

b.      the Court, its officers, and court reporters providing stenographic or video services in this litigation;

c.      third party experts or independent consultants engaged by counsel or by the Parties to assist in this litigation, who shall use such information solely for purposes of this litigation, provided that each such expert or independent consultant signs a confidentiality agreement in the form attached hereto as Exhibit "A" prior to receiving any confidential information, documents or things;

d.      officers, directors or employees of the receiving party, who shall use such information solely for purposes of this litigation, provided that each such officer, director or employee signs a confidentiality agreement in the form attached hereto as Exhibit "A" prior to receiving any confidential information, documents or things;

e.      any special master or mediator or arbitrator engaged by the Parties or authorized by the Court for purposes of mediation or other dispute resolution regarding issues arising in this litigation;

f.      a witness in this litigation to whom disclosure is reasonably necessary and not otherwise authorized to view the confidential information in question, during that witness's testimony at a deposition, hearing, or trial in the litigation, provided that if the individual is not an employee or former employee of the Parties, then each such witness signs a confidentiality agreement in the form attached hereto as Exhibit "A" prior to receiving any confidential information, documents or things;

g.      individuals who, according to the face of the designated material, authored or received the confidential information;

h.      any other individual agreed upon by the Parties in writing, which agreement may include a requirement that such person must sign the confidentiality agreement attached as Exhibit "A."

5.      Materials may be designated "CONFIDENTIAL-ATTORNEY'S EYES ONLY," by any producing or designating party only after such party has made a good faith determination that the information or documents include or constitute confidential and proprietary information, which, if disclosed to the other party, rather than to its counsel, could result in injury or harm to the designated party's interest due to the competitively sensitive nature of the designated materials. Copies thereof and any confidential information contained therein shall not be disclosed to any person except:

a.      the Court, its officers, and court reporters providing stenographic or video services in this litigation;

b.      any special master or mediator or arbitrator engaged by the Parties or authorized by the Court for purposes of mediation or other dispute resolution regarding issues arising in this litigation;

c.      counsel, employees of counsel, and/or other professionals who are engaged by one of the Parties in the prosecution or defense of this litigation, who shall use such information solely for purposes of this action;

d.      individuals who, according to the face of the designated material, authored or received the confidential information;

e.      a witness in this litigation to whom disclosure is reasonably necessary and not otherwise authorized to view the confidential information in question, during that witness's testimony at a deposition, hearing, or trial in the litigation, provided that each such individual signs a confidentiality agreement in the form attached hereto as Exhibit "A" prior to receiving any confidential information, documents or things;

f.      third party experts or independent consultants engaged by counsel or by the Parties to assist in this litigation, who shall use such information solely for purposes of this litigation, provided that each such expert or independent consultant signs a confidentiality agreement in the form attached hereto as Exhibit "A" prior to receiving any confidential information, documents or things;

g.      any other individual agreed upon by the Parties in writing, which agreement may include a requirement that such person must sign the confidentiality agreement attached as Exhibit "A."

Counsel for the receiving party shall maintain the original of each confidentiality agreement signed pursuant to paragraphs 4(c), 4(d), 4(f), 4(h) and 5(e) through 5(g) above, and shall promptly forward a copy thereof to counsel for the Producing Party upon request except to the extent that counsel for the receiving party need not provide copies of confidentiality agreement(s) executed pursuant to paragraphs 4(c) or 5(f) absent a Court order entered upon a showing of good cause.

6.      The Parties shall make every reasonable effort to act in good faith to limit and curtail the volume of information, documents, things, testimony or other materials designated by them as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEY'S EYES ONLY" under this Stipulated Protective Order; shall use their best efforts to act in good faith to separate out and segregate documents, things and other materials containing confidential information from those that do not contain confidential information; shall use their best efforts to act in good faith to limit the number of persons to whom confidential information is to be disclosed; and shall confer with each other in good faith for the purpose of attempting to limit and curtail the volume of information and materials to be so designated.

An inadvertent failure to designate does not, standing alone, waive protection under this Order. Upon timely assertion or correction of a designation, all recipients must make reasonable efforts to ensure that material designated as "CONFIDENTIAL" and/or "CONFIDENTIAL-ATTORNEY'S EYES ONLY," is treated according to this Order.

7.      In their productions of documents and discovery responses, the Parties may partially redact personal identifying information relating to entities and individuals other than the

Parties.  Nothing herein shall prohibit any Party from requesting additional information regarding such redactions in order to distinguish between entities and individuals.

8.      Nothing in this Stipulated Protective Order shall be taken as or constitute: (a) an indication or acknowledgment by the receiving party that any information, documents, testimony or things are in fact confidential or are entitled to confidential treatment; (b) waiver of attorney-client privilege, attorney work product, or other applicable protection provided by law.

9.      If at any time a Party has a good faith basis to dispute a designation of information and/or discovery materials as "CONFIDENTIAL" and/or "CONFIDENTIAL-ATTORNEY'S EYES ONLY," such Party shall notify the designating Party of such dispute in writing, identifying the information and materials in dispute and the nature of the dispute.  The designating Party must respond in writing within seven (7) days of receiving the notification.  If the Parties are unable to amicably resolve the dispute, the Party disputing the designation of confidentiality may thereafter contact the Court for a ruling as to whether the designated information and materials should be treated as confidential in accordance with this Order.  The burden of proving the confidentiality of designated information remains with the party asserting such confidentiality.

10.     It shall be the obligation of counsel, upon hearing of any breach or threatened breach of this Order by any person, promptly to notify counsel for the opposing and Producing Parties of such breach or threatened breach.  In the event of a disclosure of any discovery materials pursuant to this Order to any person or persons not authorized to receive such disclosure under this Order, the Party responsible for having made such disclosure, and each Party with knowledge thereof, shall promptly notify counsel for the Producing Party whose discovery materials have been disclosed and provide to such counsel all known relevant information concerning the nature and circumstances of the disclosure.  The Party responsible for the unauthorized disclosure shall

also promptly undertake all reasonable best efforts to retrieve the improperly disclosed discovery materials and to ensure that no further or greater unauthorized disclosure and/or use thereof is made.

11.     The Producing Party may review documents, materials and things for privilege, confidentiality, redactions, and relevance or responsiveness prior to production; nevertheless, the Producing Party may assert privilege or protection over produced documents, materials or things, or designate documents, materials or things as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS EYES ONLY" subject to this Protective Order, at any time by notifying the receiving party in writing of the assertion of privilege or protection, or of the designation under a Protective Order.  With respect to such documents, materials or things, the original production shall not be deemed a waiver of such privilege, protection, or designation pursuant to Federal Rule of Evidence 502(d); provided, however, that nothing in this paragraph shall be construed to require a Party to produce documents, materials or things without a prior privilege review.

Upon receipt of written notice of the assertion of privilege or protection over produced documents, materials or things, the receiving party shall promptly, but in no case more than ten (10) days later:

a.     notify the Producing Party whether and to what extent it contests the assertion of privilege or protection, and segregate and maintain the contested documents, materials or things in confidence pending resolution of the contest by the Court; and

b.     to whatever extent the receiving party does not contest the assertion of privilege or protection, certify in writing to the Producing Party that it has returned or destroyed the applicable documents, materials or things, and has made all reasonably diligent efforts to retrieve, identify, and destroy each copy thereof and all information derived therefrom (normally reasonable diligence will not include disaster recovery media).

In the event of a contested assertion of privilege or protection over produced documents and/or ESI that cannot be resolved amicably after meeting and conferring in good faith, either Party may

bring the contest to the attention of the Court, but the party challenging the assertion of privilege or protection must protect the confidentiality of the contested documents, materials and/or things at issue in connection with and pending resolution of the challenge by the Court.

12.     All discovery materials designated as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEY'S EYES ONLY" that are filed with this Court, and all pleadings, motions or other papers filed with the Court that contain or disclose confidential information, shall be filed in sealed envelopes bearing an appropriate legend identifying the enclosed materials and indicating their confidential nature under the terms of this Stipulated Protective Order and pursuant to the Local Rules of the Court, and shall be kept under seal until further order of the Court, provided, however, that such information shall be available to the Court and to persons listed in paragraphs 4 or 5 above, as appropriate given the nature of the confidentiality legend affixed to the information. Portions of filings containing information designated "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEY'S EYES ONLY" shall likewise be filed under seal pursuant to the Local Rules of the Court.  Notwithstanding the foregoing, no request or designation by a Party that a document be sealed shall be binding on the Court until such time as the Court grants a motion to file under seal.   Nothing in this Order shall prevent any party from using any material designated as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEY'S EYES ONLY" at trial, except as designated the Pretrial Order.

13.     Upon final termination of this litigation not subject to further appeal, each Party may request the return to it of all documents or other confidential materials previously furnished to the other Party, including any copies thereof, and each person or Party to whom such documents or other confidential materials have been furnished or produced shall be obligated to return the same, including any copies thereof, or to dispose of the same and of any other materials containing

confidential information in a manner agreeable to both Parties.  Each Party that requests the return of documents and other confidential materials shall preserve those materials in accessible electronic format for a period of five (5) years from the termination of this litigation proceeding.

14.    The parties agree that this Stipulated Protective Order applies only to documents or materials designated "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS EYES ONLY" under the terms of this Stipulated Protective Order.  The permissible uses of such documents or materials are outlined herein.

15.    If any party is served with a subpoena or order issued by a court or other tribunal seeking Confidential Information produced by another party, such party shall give counsel for the Producing Party prompt written notice thereof together with a copy of the subpoena or order.  The party on whom the subpoena or order has been served shall not produce any Confidential Information pursuant to the subpoena or court order until the producing party has had a reasonable opportunity to move to quash the subpoena, vacate the order, or seek related relief.  Nothing in this Stipulated Protective Order shall require the party on whom the subpoena has been served to violate the terms of the subpoena or court order.

16.    Notwithstanding any other provision in this Order, this Order does not in any way limit the Disclosing Party's right or ability to use that party's documents or information as that party deems appropriate.

17.    This Stipulated Protective Order shall remain in force and effect until modified, superseded or terminated by further Order of the Court or by agreement of the Parties, and shall survive the termination of this action.  The entry of this Stipulated Protective Order shall be without prejudice to the rights of a Party to apply for additional or different protection where it is deemed necessary, or to seek to compel the production or disclosure of additional or different information,

or the rights of the Parties to agree between themselves, subject to the Court's approval, if

necessary, as to any specific additional or different protection or provisions for treatment of any

specific information, documents, testimony or things.

**IT IS SO STIPULATED.**

Date:  July 12, 2022                                    GOLDBERGER & DUBIN, P.C.

By:   *Renee Wong*
      Renee M. Wong, Esq.
      401 Broadway, Suite 306
      New York, New York 10013
      *Attorneys for Defendants*

ALLYN & FORTUNA LLP

By:
      Paula Lopez, Esq.
      Nicholas Fortuna, Esq.
      400 Madison Avenue, Suite 10D
      New York, New York 10017
      *Attorneys for Plaintiff*

The parties are advised that the Court retains discretion as to whether to afford confidential treatment to redacted information in Orders and Opinions.

SO ORDERED.

Dated: July 13, 2022
       New York, New York

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**

- 11 -

**Exhibit A**

**UNDERTAKING**

I, _____ certify that certain CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS EYES ONLY material is being made available to me pursuant to the terms and restrictions of a Stipulated Protective Order Governing Discovery of Confidential and Proprietary Information (the "Stipulation"), entered into by and between counsel for Network Data Rooms, LLC, and Ryan Saul and Saulrealism LLC dated July __, 2022.  I further certify that I have read the Stipulation, that I understand the terms of the Stipulation, and that I agree to be fully bound by the Stipulation, including, without limitation, the restrictions contained therein on disclosure.  I hereby submit myself to the jurisdiction of the United States District Court for the Southern District of New York for purposes of enforcement of the Stipulation.

I understand that any violation of the terms of this Stipulation will be subject to such relief as deemed appropriate by the Court.

Dated: _____          Signature: _____