

ATTORNEYS AT LAW

NEW YORK
400 MADISON AVE., 10TH FL
NEW YORK, NEW YORK, 10017
TELEPHONE: (212)213-8844
FACSIMILE: (212)213-3318

NEW JERSEY
51 JFK Parkway
Short Hills, New Jersey 07078
Telephone (973) 379-0038
Facsimile (973) 379-0048

WWW.ALLYNFORTUNA.COM

August 9, 2022

**Via ECF**
Honorable Lorna G. Schofield
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:    22-cv-02299-LGS
                Network Data Rooms, LLC v. Saulrealism LLC et al
                Letter in Response to Defendants' Letter Dated August 5, 2022

Dear Judge Schofield,

      Allyn & Fortuna LLP represents the plaintiff, Network Data Rooms, LLC ("Plaintiff"), in connection with the above-referenced action.

      We write in response to Defendants' letter dated August 5, 2022 raising an accusation related to the alleged falsification of a document submitted in support of Plaintiff's motion for a preliminary injunction. Neither Plaintiff nor its counsel have falsified any documents submitted to the court and, as described below, did not knowingly submit a doctored document as evidence in this case. Moreover, counsel and Plaintiff apologize to the Court and Defendant's counsel for unintentionally permitting this situation to occur.

      Plaintiff and counsel acknowledge that Defendants' counsel has raised legitimate concerns regarding the email attached to Mr. Delorge's declaration, which were also previously raised during Mr. Delorge's cross-examination. This email was provided to Plaintiff's counsel directly by non-party David Delorge and was attached as an exhibit in the form received. Plaintiff's counsel did not scrutinize the email as it was not relevant to a material issue affecting the merits of Plaintiff's claims and could have been omitted from the papers without impacting the merits of Plaintiff's claims. As a result, Plaintiff was not aware of any irregularities in the email at the time of attaching it as an exhibit and only first noticed the alleged discrepancies in the email when raised by Defendant's counsel during cross-examination. Had counsel noticed the discrepancy upon receipt of the email, we would have inquired into any irregularities and never submitted a questionable document into court. While not being able to confirm this, it is believed now that the email was an ill-conceived attempt by Plaintiff's contractor to make it seem like he was verifying whether Defendant Saul was properly committing his code to NDR's repository as was required, in order to save face in front of Plaintiff once it was discovered that defendant Saul had stolen the source code developed between September 26, 2021 and January 18, 2022. Neither Plaintiff nor

Plaintiff's counsel condones such conduct. However, it is noted that whether or not Mr. Delorge failed to periodically verify whether Defendant Saul was committing code to NDR's repository, his failure to do so did not relieve Defendant of his obligation to save the code on NDR's repository, nor does it excuse his failure to do so.

Additionally, while there appear to be discrepancies in the email provided by Mr. Delorge, which was regrettably attached as an exhibit to his Declaration, it is noted that Mr. Delorge's hearing testimony with regard to the relevant issues before the court on Plaintiff's motion for a preliminary injunction: (i) whether Defendant Saul committed code after September 26, 2021 to NDR's Azure repository, (ii) whether the decompiled code saved to NDR's repository is representative of the run-time code on the DealTable Website, (iii) whether any branches/codes had been deleted, was corroborated by Terry Patterson's findings. While not intended as an excuse, it is noted that the document in question is not relevant to the merits of Plaintiff's claims, nor was it submitted with the intent to induce the court to make a favorable finding on a material issue.

Furthermore, as part of the discovery in this case, Plaintiff sought out all emails exchanged between David Delorge and Defendant Saul and Plaintiff produced them. There has never been any attempt on the part of Plaintiff to mislead the Court or Defendants. In contrast, Terry Patterson's report has conclusively shown that Defendant Ryan Saul has lied to this court on material issues in his Declaration and in his testimony by, *inter alia*, falsely claiming to have committed all code between September 26, 2021 and January 18, 2022 to NDR's Azure Repository in either the Ryan Development Branch or a Net Road Show/Net Roadshow Branch in order to obtain a favorable ruling from the Court.

Plaintiff has been fully transparent throughout this litigation not only through its extensive discovery production but also in its willingness to provide full access to its Azure account for review by an independent expert and pay 100% of the costs, all of which support Plaintiff's claims. Meanwhile, Defendants have provided very little in the way of discovery. The purported "mirror image" of Defendant Saul's hard drive, which was produced for the first time on July 18, 2022, has been produced in an unreadable format that not even Plaintiff's counsel's IT contractor was able to access it to permit any review of the files. We have made repeated attempts to get the Defendant to send the discovery in a form that allows us to have access to it. On August 5, 2022, I spoke to Defendant's counsel, Ms. Wong, and asked her if she was able to review the documents sent. Surprisingly, she has not tried. Ms. Wong agreed to attempt to open the files that she sent and let us know how to access them but never got back to us. In the meantime, our IT contractor informed us that he was able to restore the hard drive, but it is password protected. Defendants did not include the password as part of the production.

For the reasons stated herein, we refute Defendants' counsel's allegation that Plaintiff or counsel has committed a fraud on the tribunal and, again, apologize for the occurrence of this situation.

Thank you for your consideration.

        Respectfully submitted,

          /s/

        Nicholas Fortuna

Cc: Renee Wong, Esq. (via ECF)