

ATTORNEYS AT LAW

NEW YORK
400 MADISON AVE., 10TH FL
NEW YORK, NEW YORK, 10017
TELEPHONE: (212)213-8844
FACSIMILE: (212)213-3318

NEW JERSEY
51 JFK Parkway
Short Hills, New Jersey 07078
Telephone (973) 379-0038
Facsimile (973) 379-0048

WWW.ALLYNFORTUNA.COM

August 19, 2022

**Via ECF**
Honorable Lorna G. Schofield
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:    22-cv-02299-LGS
                 Network Data Rooms, LLC v. Saulrealism LLC et al

Dear Judge Schofield,

      Allyn & Fortuna LLP represents the plaintiff Network Data Rooms, LLC ("Plaintiff") in connection with the above-referenced action. I am writing to request a pre-motion conference to request permission to make a motion for sanctions pursuant to F.R.C.P. 37(e) based on spoliation of critical evidence by the defendants Saulrealism LLC and Ryan Saul ("Defendants"). Specifically, Plaintiff has learned that Defendants deleted the contents of the hard drive of the computer that they used in connection with Plaintiff's DealTable VDR Platform, thereby destroying evidence critical to Plaintiff's case.

      Plaintiff brought this action against Defendants to protect and recover their trade secrets in connection with the development and operation of the Plaintiff's DealTable VDR Platform. Plaintiff alleged, *inter alia*, that Defendants misappropriated the source code for the DealTable VDR Platform, which prevented Plaintiff from transitioning its financial printing business to an online virtual data room business. In connection with this litigation, Defendants have asserted that all source code was written on the virtual machine provided by Plaintiff and saved to Plaintiff's Azure repository as it was being written. No decompiled source code for the VDR Platform written after September 26, 2021 has been saved to Plaintiff's repository or appears to have been written using the virtual machine assigned to Defendants. To determine where Defendants were writing Plaintiff's source code and saving it, Plaintiff requested that Defendants identify all personal computers used in performing work for Plaintiff and to turn over a mirror image of the hard drive of those computers. In response to the discovery request, Defendants stated that only one computer was used by Defendants while working for Plaintiff. After Defendants produced a thumb drive reportedly containing the contents of the subject computer's hard drive on July 18, 2022, I contacted Defendant's counsel Renee Wong on July 22, 2022 to inform her that neither our firm nor our outside technology consultant could access the hard drive and its contents from the thumb drive with the instructions provided by Defendants. I informed Ms. Wong that we also could not

access the files reportedly provided by Defendants via Dropbox. I requested that Defendants provide the hard drive contents on a plug-and-play drive, which was provided by Defendants with instructions that still did not enable Plaintiff to access the hard drive and its contents. Once the hard drive was restored, we learned that it was password protected and I, again, had to contact Ms. Wong for the password for the hard drive, which was not initially provided by Defendants.

Plaintiff and its technology consultants spent significant time attempting to access the copy of the Defendants' hard drive and were ultimately successful on August 15, 2022. At that point, however, Plaintiff discovered that all files on the Defendants' hard drive had been deleted. On August 17, 2022, Ms. Wong confirmed that the Defendants intentionally deleted all files from the hard drive and that there was no other computer hard drive containing files relevant to this matter. This is particularly galling in light of the fact that Defendants' counsel gave us the runaround for almost a month, only to provide an empty hard drive. Plaintiff and this Court can only assume that Defendant Ryan Saul, a technology professional, knew that he was providing an empty hard-drive to Plaintiff and purposefully failed to provide adequate instructions and a password to access the drive in an attempt to further vex the Plaintiff.

Ms. Wong and Defendants now claim that "[p]ursuant to paragraph 2(f) of the 12/14/2022 Nondisclosure Agreement, the Defendants have an obligation to destroy all of [sic] information in their possession 5 days after the termination of the relationship." This is an incorrect, out-of-context reading of the Non-Disclosure Agreement between the parties, which was executed in contemplation of the parties entering into a subsequent agreement whereby Defendants would provide services to Plaintiff. In the event that such an agreement did not come to fruition, or upon either party's written request, "each Party hereto will, and will cause its respective Representatives to, promptly (and in no event later than five [5] business days after such request) *redeliver or cause to be redelivered all copies of documents and information furnished by the other party in connection with this Agreement or the transactions contemplated hereby*." There is no provision in the Non-Disclosure Agreement or the resulting Consulting Agreement which obligated Defendants to destroy all files related to the work performed for Plaintiff, including the source code for the DealTable VDR Platform. By contrast, Defendants acknowledged in the resulting Consulting Agreement that all work created by Defendants was the property of Plaintiff and that, upon termination of the Consulting Agreement, Defendants were obligated to deliver to Plaintiff "all printed, electronic, audio-visual, and other tangible manifestations of the Software, including all originals and copies thereof."

As a result of Defendants' bad faith and intentional destruction of information directly relevant to Plaintiff's claim, Plaintiff is entitled to sanctions against the Defendants. Had Plaintiff been able to view the contents of Defendants' hard drive, Plaintiff would have discovered the location of the subject code and the fact that Defendants misappropriated the code from Plaintiff. Defendant Ryan Saul has already misled this Court regarding the location of the code, claiming in his Declaration (Docket No. 24) that he saved the subject code in a branch called "Ryan Development" and in his direct testimony before this Court that it was saved in a branch called "Net Roadshow." However, expert Terry Patterson confirmed in his report that the code was never saved at the "Ryan Development" branch and that no branch called "Net Roadshow" ever existed. (Docket Nos. 49, 58). Now, with the deletion of all files related to Plaintiff, Defendants have destroyed evidence that would be relevant and favorable to Plaintiff's claims. *See* Dorchester Financial Holdings Corp. v. Banco BRJ S.A., 304 F.R.D. 178 (2014) (holding that spoliation has

three elements: "(1) that the party having control over the evidence had an obligation to preserve it at the time it was destroyed; (2) that the [evidence was] destroyed with a 'culpable state of mind'[;] and (3) that the destroyed evidence was 'relevant' to the party's claim or defense such that a reasonable trier of fact could find that it would support that claim or defense").

As a result of the damage to Plaintiff, Plaintiff is entitled to sanctions against Defendants, including but not limited to an award of attorneys' fees and costs in connection with this motion and a judgment by default.

We are aware that Ms. Wong is on vacation until August 29, 2022, and request that the Court afford Defendants sufficient time to respond to this pre-motion conference letter upon her return.

Thank you for your consideration.

Respectfully submitted,

/s/

Nicholas Fortuna

Cc: Renee Wong, Esq. (via ECF)