# GOLDBERGER & DUBIN, P.C.

ATTORNEYS AT LAW
401 BROADWAY, STE 306, NEW YORK, NY 10013
(212) 431-9380
FAX (212) 966-0588

PAUL A. GOLDBERGER*  E-MAIL: GND401@AOL.COM
LAWRENCE A. DUBIN*§  www.goldbergerdubin.com          * MEMBER OF NY BAR
EDGAR L. FANKBONNER *                                § MEMBER OF NJ BAR

VIA ECF

August 19, 2022

Honorable Lorna G. Schofield
United States District Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, New York 10007

   Re: *Network Data Rooms, LLC v. Saulrealism LLC et al* (22-cv-02299-LGS)
    Response to Document No. 78

Your Honor:

  Please be reminded that Goldberger & Dubin, P.C., represents the Defendants in this action, Saulrealism LLC, and Ryan Saul. This letter is in response to Plaintiff's pre-motion conference request for sanctions. On August 17, 2022, counsel filed a consent letter application to stay the Civil Case Management Plan and Scheduling Order.

  Prior to submitting this letter, defense counsel proposed to Plaintiff's filing a joint letter for a scheduling conference with the Court to resolve the numerous discovery issues for both parties. Defense counsel aimed to have a conference that would limit the already significant legal expenses for both parties in this action while still providing necessary discovery for both parties to prepare memoranda responsive to the Order to Show Cause.

  In this email, I acknowledged that Plaintiff's counsel had potential spoilation arguments regarding Defendants' hard drive. Conversely, the Defendants have numerous outstanding discovery demands that the Plaintiff has failed to produce, which are outlined in a three-page letter to confer sent to Plaintiff.

  Specifically, the Plaintiff has failed to produce emails from David Delorge from January 14, 2022, through present, which is relevant to the pending OSC.[1] Plaintiff is currently unable to produce these emails from David Delorge. Plaintiff has also failed to produce access to NDR's

---

[1] Defendant Ryan Saul was terminated from employment on January 18, 2022. The fraudulent email submitted to this Court was forwarded on March 1, 2022. Nicholas Fortuna writes: "I checked and the plaintiff is not in possession of any other emails from David Delorge. Whatever emails we sent you we received directly from David Delorge. There is an obvious legal conflict between the plaintiff and Delorge at this time. I am advising David Delorge to get his own attorney."

1

Microsoft Azure DevOps Account, a copy of the Virtual Machine used by the Defendant, rudimentary business incorporation and financial documents, any information regarding damages, or a copy of the source code. Plaintiff is currently asking for discovery sanctions including a default judgment, but has failed to produce the relevant discovery or move for a protective order.

Plaintiff's counsel Nicholas Fortuna wrote, "You can prepare a letter requesting a hold on discovery until after the hearing and we will consent. I do not see a need for a status conference until after the hearing." As a result of these communications, defense counsel filed the consent application to stay discovery.

As in customary in the normal course of discovery, both parties have outstanding discovery issues. Defense counsel presumed that Plaintiff was seeking to resolve any potential spoilation issues[2] until after the Order to Show Cause hearing, which would determine if the matter would be terminated, and the statements made to the Court would be referred to the United States Attorney's Office for the Southern District of New York. Plaintiff is unable to produce required discovery because the custodian of records is David Delorge. As such defense counsel was willing to wait until after the determination of the hearing.

The August 19, 2022 letter from Nicholas Fortuna is just a continuation of a pattern of aggressive, unprofessional, discourteous, and harassing behavior. Without going into the complete details, I would like to note that the factual elements regarding the production of the Defendants' drive in both Mr. Fortuna's August 9th and August 19th letters are misleading. Moreover, I would like to clarify that Mr. Fortuna was finally able to communicate that his team successfully restored the hard drive from the image and that he required the password to the Microsoft Windows Operating System on August 10th at 2:27PM. He received the password on August 10th at 3:53PM.

Defendants' position is that Plaintiff's pre-motion conference letter is a frivolous filing subject to Rule 11 sanctions. Defendants would also like to have a pre-motion conference to discuss the outstanding discovery required to draft memoranda responsive to the OSC. Due to Mr. Fortuna's harassing communications and misrepresentations to the Court, I have previously requested he communicate with me solely in writing, and he has disregarded that request. Defense counsel is amenable to participating in a conference.

                Respectfully submitted,

                /s/Renee M. Wong
                Renee Wong, Esq.
                On behalf of Defendants
                Goldberger & Dubin, P.C.
                *Of Counsel*

---

[2] Defendants do not agree that there was an obligation to preserve the hard drive, as the Defendants are contractually obligated to destroy any of Plaintiff's information.

 Gmail

Renee Wong <renee@wonglaw.net>

## NDR v. Saul

**Renee Wong** <renee@wonglaw.net>  Wed, Aug 17, 2022 at 11:31 AM
To: Nicholas Fortuna <nfortuna@allynfortuna.com>
Cc: Paula Lopez <plopez@allynfortuna.com>

Nick & Paula:

I received your emails and voicemail. First, my office did not provide you with the Rule 45 subpoena with the intention of your serving it on Delorge, rather we were providing notice of the subpoena.

However, in light of the recent order, it is the Defendants' position that we should hold a discovery scheduling and compliance conference with the Court. Pursuant to the current order, fact discovery is to be completed on 9/15. In light of the OSC which includes sanctions including termination of the action, I am seeking to limit both parties' legal expenses. I would propose to the Court that we stay depositions until the decision is made on the OSC.

There are outstanding discovery demands that I have sent in the letter to confer dated 8/16. I understand you may need some more time to review and respond, but we can address the items at the conference. There are some items that I must have prior to the submission of the OSC, including David Delorge's emails from 1/14/22 through present.

You have made numerous inquiries regarding the mirror image of Ryan Saul's personal computer that was produced to you. This production is the only production that is responsive to your request. It does not contain any of NDR's confidential information. Pursuant to paragraph 2(f) of the 12/14/2020 Nondisclosure Agreement, the Defendants have an obligation to destroy all information in their possession 5 days after the termination of the relationship.

Please let me know if you are interested in preparing a joint status letter requesting a scheduling and discovery compliance order.

Thank you,

Renee
[Quoted text hidden]

 Gmail                                                                                  Renee Wong <renee@wonglaw.net>

## NDR v. Saul

Nicholas Fortuna <nfortuna@allynfortuna.com>                                              Wed, Aug 17, 2022 at 11:41 AM
To: Renee Wong <renee@wonglaw.net>
Cc: Paula Lopez <plopez@allynfortuna.com>

Renee,

You can prepare a letter requesting a hold on discovery until after the hearing and we will consent. I do not see a need for a status conference until after the hearing. Send a copy of the letter for my review before filing.

I checked and the plaintiff is not in possession of any other emails from David Delorge. Whatever emails we sent you we received directly from David Delorge. There is an obvious legal conflict between the plaintiff and Delorge at this time. I am advising David Delorge to get his own attorney. If there is any information you would like from him, I suggest you send a subpoena.

[Quoted text hidden]