# GOLDBERGER & DUBIN, P.C.

ATTORNEYS AT LAW
401 BROADWAY, STE 306, NEW YORK, NY 10013
(212) 431-9380
FAX (212) 966-0588

PAUL A. GOLDBERGER*  E-MAIL: GND401@AOL.COM
LAWRENCE A. DUBIN*§   www.goldbergerdubin.com      * MEMBER OF NY BAR
EDGAR L. FANKBONNER *                               § MEMBER OF NJ BAR

<u>VIA ECF</u>

August 19, 2022

Honorable Lorna G. Schofield
United States District Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, New York 10007

   Re: *Network Data Rooms, LLC v. Saulrealism LLC et al* (22-cv-02299-LGS)
    Response to Document No. 78

Your Honor:

  Please be reminded that Goldberger & Dubin, P.C., represents the Defendants in this action, Saulrealism LLC, and Ryan Saul. This letter is in response to Plaintiff's pre-motion conference request for sanctions. On August 17, 2022, counsel filed a consent letter application to stay the Civil Case Management Plan and Scheduling Order.

  Prior to submitting this letter, defense counsel proposed to Plaintiff's filing a joint letter for a scheduling conference with the Court to resolve the numerous discovery issues for both parties. Defense counsel aimed to have a conference that would limit the already significant legal expenses for both parties in this action while still providing necessary discovery for both parties to prepare memoranda responsive to the Order to Show Cause.

  In this email, I acknowledged that Plaintiff's counsel had potential spoilation arguments regarding Defendants' hard drive. Conversely, the Defendants have numerous outstanding discovery demands that the Plaintiff has failed to produce, which are outlined in a three-page letter to confer sent to Plaintiff.

  Specifically, the Plaintiff has failed to produce emails from David Delorge from January 14, 2022, through present, which is relevant to the pending OSC.[1] Plaintiff is currently unable to produce these emails from David Delorge. Plaintiff has also failed to produce access to NDR's

---

[1] Defendant Ryan Saul was terminated from employment on January 18, 2022. The fraudulent email submitted to this Court was forwarded on March 1, 2022. Nicholas Fortuna writes: "I checked and the plaintiff is not in possession of any other emails from David Delorge. Whatever emails we sent you we received directly from David Delorge. There is an obvious legal conflict between the plaintiff and Delorge at this time. I am advising David Delorge to get his own attorney."

1

Microsoft Azure DevOps Account, a copy of the Virtual Machine used by the Defendant, rudimentary business incorporation and financial documents, any information regarding damages, or a copy of the source code. Plaintiff is currently asking for discovery sanctions including a default judgment, but has failed to produce the relevant discovery or move for a protective order.

Plaintiff's counsel Nicholas Fortuna wrote, "You can prepare a letter requesting a hold on discovery until after the hearing and we will consent. I do not see a need for a status conference until after the hearing." As a result of these communications, defense counsel filed the consent application to stay discovery.

As in customary in the normal course of discovery, both parties have outstanding discovery issues. Defense counsel presumed that Plaintiff was seeking to resolve any potential spoilation issues[2] until after the Order to Show Cause hearing, which would determine if the matter would be terminated, and the statements made to the Court would be referred to the United States Attorney's Office for the Southern District of New York. Plaintiff is unable to produce required discovery because the custodian of records is David Delorge. As such defense counsel was willing to wait until after the determination of the hearing.

The August 19, 2022 letter from Nicholas Fortuna is just a continuation of a pattern of aggressive, unprofessional, discourteous, and harassing behavior. Without going into the complete details, I would like to note that the factual elements regarding the production of the Defendants' drive in both Mr. Fortuna's August 9th and August 19th letters are misleading. Moreover, I would like to clarify that Mr. Fortuna was finally able to communicate that his team successfully restored the hard drive from the image and that he required the password to the Microsoft Windows Operating System on August 10th at 2:27PM. He received the password on August 10th at 3:53PM.

Defendants' position is that Plaintiff's pre-motion conference letter is a frivolous filing subject to Rule 11 sanctions. Defendants would also like to have a pre-motion conference to discuss the outstanding discovery required to draft memoranda responsive to the OSC. Due to Mr. Fortuna's harassing communications and misrepresentations to the Court, I have previously requested he communicate with me solely in writing, and he has disregarded that request. Defense counsel is amenable to participating in a conference.

By **August 23, 2022**, Defendants shall file a letter clarifying whether the requested image of Defendant Saul's hard drive, or its functional equivalent, was made available to Plaintiff as a result of the restoration of the hard drive, including any files that may have been deleted.

SO ORDERED.

Dated: August 22, 2022
New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

Respectfully submitted,

/s/Renee M. Wong
Renee Wong, Esq.
On behalf of Defendants
Goldberger & Dubin, P.C.
*Of Counsel*

---

[2] Defendants do not agree that there was an obligation to preserve the hard drive, as the Defendants are contractually obligated to destroy any of Plaintiff's information.