**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
_____X

NETWORK DATA ROOMS, LLC,

                                        Civil Case No.: 22-CV-2299-LGS

                      Plaintiff,

-v-

SAULREALISM LLC and RYAN SAUL, in her individual
and professional capacities,

                      Defendants.
_____X

**AFFIDAVIT OF PAULA LOPEZ IN OPPOSITION TO THE IMPOSITION OF SANCTIONS AGAINST PLAINTIFF OR PLAINTIFF'S COUNSEL AND REFERRAL OF THIS MATTER TO THE U.S. ATTORNEY'S OFFICE**

STATE OF NEW YORK                    )
                                                  ) ss.:
COUNTY OF NEW YORK               )

PAULA LOPEZ, being duly sworn, deposes and says:

    1.      I am a partner of the law firm Allyn & Fortuna, LLP, attorneys for plaintiff NETWORK DATA ROOMS, LLC (hereinafter, "Plaintiff" or "NDR") in the above-captioned action.

    2.      I submit this Affidavit in support of Plaintiff's opposition to the imposition of sanctions and the referral of this matter to the U.S. Attorney's Office in connection with the email submitted as Exhibit "A" to non-party, David Delorge's declaration dated March 22, 2022 ("Email 1"), which has been alleged to be an altered document.

    3.      As will be shown herein, neither I, nor anyone in our firm made any changes to Email 1 prior to attaching it as an exhibit to Mr. Delorge's declaration.

4. Moreover, I did not notice the discrepancy in the dates of Email 1 at the time of attaching it as an exhibit to Mr. Delorge's declaration and only first learned about it when raised by Defendants' counsel at the preliminary injunction hearing.

5. I was involved in preparing the documents in support of Plaintiff's motion for a preliminary injunction for filing with the Court. As part of the preparation of the complaint and preliminary injunction papers, I and my partner Nicholas Fortuna were put in contact with Mr. Delorge, who provided security consulting services for Plaintiff in connection with the development project for a virtual data room.

6. Mr. Delorge was providing information regarding the code development work that had been performed by defendant Ryan Saul and the technical aspects of the project and source code that formed the basis of Plaintiff's claims against defendants Saulrealism LLC and Ryan Saul.

7. In an email dated March 1, 2022, Mr. Delorge sent information about the code development work that had been performed by defendant Ryan Saul and the technical aspects of the project and source code, along with four attachments.

8. One of the attachments to the email dated March 1, 2022 consisted of a pdf attachment named "Ryan Saul Repo Email october.pdf" (Email 1). Attached as Exhibit "1" is a redacted[1] copy of the email from Mr. Delorge dated March 1, 2022, to which Email 1 was attached, as well as Email 1.

9. On August 23, 2022, I opened the attachment and was able to check the properties of the file on my desktop Adobe Acrobat program. The properties identify the Author as "delor" the created date as "March 1, 2022 at 5:56:10 P.M." and the modified date as March 1, 2022 at

---

[1] See F.R.C.P. 26(b)(3); *Plew v Ltd. Brands, Inc.*, 08-CV-3741 (LTS) (MHD), 2009 WL 1119414 (S.D.N.Y. Apr. 23, 2009); *United States v Kovel*, 296 F.2d 918 (2d. Cir 1961).

5:56:10 P.M." A copy of the screenshot taken of the properties of "Ryan Saul Repo Email october.pdf" is annexed hereto as Exhibit "2".

10. The email attachment provided by Mr. Delorge consisted of an exchange between Mr. Delorge and Ryan Saul between October 19, 2021 and October 20, 2021, in which Mr. Delorge asked Mr. Saul where he was committing code to and Mr. Saul responded that it was being saved in a "new branch, under Project Ryan Development."

11. At the time of receiving Email 1, I reviewed its substance, which was consistent with information provided by Mr. Delorge that Ryan Saul had told him that he was saving code to a new branch called "Ryan Development."

12. At the time of receiving Email 1, neither I nor Mr. Fortuna had any reason to suspect that Mr. Delorge would provide an altered document. I read Email 1 to confirm its substance but, regretfully, did not review it closely enough to notice the discrepancies in the date (Saturday, October 19, 2021 and Saturday, October 20, 2021).

13. Email 1 was attached to Mr. Delorge's declaration in the exact form that it was provided by Mr. Delorge and not altered by Plaintiff or Plaintiff's counsel in any way.

14. Furthermore, at the time of attaching Email 1 to Mr. Delorge's declaration, I had not seen the email dated January 16, 2021 (Email 2) attached to Ms. Wong's August 5, 2022 letter, which is alleged by Defendants to be the original version of Email 1.

15. Email 2 was one of many emails provided to our office for the first time in July 2022, as part of the gathering of documents responsive to Defendants' document demands and produced to Defendants on July 14, 2022.

16. As a result, neither I nor Mr. Fortuna was aware of the existence of Email 2 or the irregularities in Email 1 at the time of attaching Email 1 as an exhibit to Mr. Delorge's declaration in March.

17. Neither I nor Mr. Fortuna would ever intentionally submit an altered document as evidence into court.

Dated: August 25, 2022

PAULA LOPEZ

Sworn to before me this
25th day of August 2022

Notary Public

MEGAN J. MUOIO
STATE OF NEW YORK
NOTARY PUBLIC
Qualified in
New York County
02MU6298047
MY COMMISSION EXPIRES March 10, 2026