**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
_____X
NETWORK DATA ROOMS, LLC,

                                                                       Civil Case No.: 22-CV-2299-LGS

                                  Plaintiff,

    -v-

SAULREALISM LLC and RYAN SAUL, in her individual
and professional capacities,

                                  Defendants.
_____X

**CERTIFICATION OF NICHOLAS J. FORTUNA IN OPPOSITION TO THE IMPOSITION OF SANCTIONS AGAINST PLAINTIFF OR PLAINTIFF'S COUNSEL AND REFERRAL OF THIS MATTER TO THE U.S. ATTORNEY'S OFFICE**

NICHOLAS FORTUNA, an attorney admitted to practice law before this Court, hereby certifies as follows:

    1.       I am a partner of the law firm Allyn & Fortuna, LLP, attorneys for plaintiff NETWORK DATA ROOMS, LLC (hereinafter, "Plaintiff" or "NDR") in the above-captioned action.

    2.       I submit this Certification in support of Plaintiff's opposition to the imposition of sanctions and the referral of this matter to the U.S. Attorney's Office in connection with the email submitted as Exhibit "A" to non-party, David Delorge's declaration dated March 22, 2022 ("Email 1"), which has been alleged to be an altered document.

    3.       As will be shown herein, neither I, nor anyone in our firm made any changes to Email 1 prior to attaching it as an exhibit to Mr. Delorge's declaration.

    4.       As part of the preparation of the complaint and preliminary injunction papers, I and my partner, Paula Lopez were put in contact with Mr. Delorge, who provided security consulting services for Plaintiff in connection with the development project for a virtual data room.

5. Mr. Delorge was providing information regarding the code development work that had been performed by defendant Ryan Saul and the technical aspects of the project and source code that formed the basis of Plaintiff's claims against defendants Saulrealism LLC and Ryan Saul.

6. In an email dated March 1, 2022, Mr. Delorge sent Mr. Delorge sent information about the code development work that had been performed by defendant Ryan Saul and the technical aspects of the project and source code, along with four attachments.

7. One of the attachments to the email dated March 1, 2022 consisted of a pdf attachment named "Ryan Saul Repo Email october.pdf" (Email 1). *See* Ex. 1 to Lopez Certification.

8. I had no reason to suspect that Mr. Delorge would provide an altered document.

9. Email 1 was attached to Mr. Delorge's declaration in the exact form that it was provided by Mr. Delorge and not altered by Plaintiff or Plaintiff's counsel in any way.

10. I first became aware of the discrepancies in Email 1 during Mr. Delorge's cross-examination at the preliminary injunction hearing on April 20, 2022.

11. I advised Plaintiff's principal, Christopher Concannon, of the irregularities in the email that Defendants raised during the hearing and confirmed that neither he nor any of Plaintiff's members had any involvement in the issues with Email 1. Mr. Concannon was very upset that such a thing may have occurred. Most important to him is for Plaintiff to recover the code that was stolen by Defendants, and he did not want Plaintiff's meritorious claims threatened by Mr. Delorge's misconduct.

12. Furthermore, at the time Mr. Delorge's declaration was submitted to the court, neither I nor Ms. Lopez had ever seen the email dated January 16, 2021 (Email 2) attached to Ms. Wong's August 5, 2022 letter and alleged by Defendants to be the original version of Email 1.

13. Email 2 was one of many emails provided to our office for the first time in July 2022, as part of the gathering of documents responsive to Defendants' documents demands and produced to Defendants on July 14, 2022.

14. As a result, neither Plaintiff nor Plaintiff's counsel was aware of the existence of Email 2 or the irregularities in Email 1 at the time it was submitted to the court as an exhibit to Mr. Delorge's declaration.

15. Plaintiff would never intentionally submit an altered document as evidence into court.

16. On August 17, 2022, I emailed Mr. Delorge a copy of this Court's order scheduling an evidentiary hearing for September 20, 2022 and advised him to obtain counsel given the clear conflict that exists between his conduct and Plaintiff. A copy of my email to Mr. Delorge is annexed hereto as Exhibit "1."

Dated: August 25, 2022

NICHOLAS FORTUNA