

ATTORNEYS AT LAW

NEW YORK
400 MADISON AVE., 10TH FL
NEW YORK, NEW YORK, 10018
TELEPHONE: (212)213-8844
FACSIMILE: (212)213-3318

NEW JERSEY
51 JFK Parkway
Short Hills, New Jersey 07078
Telephone (973) 379-0038
Facsimile  (973) 379-0048

WWW.ALLYNFORTUNA.COM

August 30, 2022

**VIA ECF**

Hon. Lorna G. Schofield
United States District Judge
Southern District of New York
United States Courthouse
500 Pearl Street
New York, New York 10007

    Re:    *Network Data Rooms, LLC v. Saulrealism LLC et al.*
           Case No.: 22-cv-02299-LGS

Dear. Judge Schofield:

    This firm represents Plaintiff Network Data Rooms, LLC ("Plaintiff") in the above-referenced matter. I write in response to counsel for Defendants Saulrealism LLC and Ryan Saul ("Defendants") Renee Wong's letter dated August 29, 2022, addressing this Court's request for clarification regarding "whether the requested image of Defendant Saul's hard drive, or its functional equivalent, was made available to Plaintiff as a result of the restoration of the hard drive, including any files that may have been deleted." (Docket Nos. 85-86.) This inquiry was triggered by Plaintiff's August 19, 2022 letter request for a pre-motion conference concerning the deletion of files from the hard drive by the Defendants and the spoliation of evidence. (Docket No. 78.)

    Plaintiff sought this Court's assistance with possible spoliation of evidence after receiving what Defendants claimed was a mirror image of Defendant Saul's hard drive, which Plaintiff discovered was blank other than the computer's operating system. In Defendants' Response to Plaintiff's First Set of Interrogatories, Defendants represented that the mirror image hard drive was from Defendant Saul's personal laptop, which was the only computer used by Defendants for Plaintiff's work. And in response to Plaintiff's First Set of Document Demands, Defendants repeatedly referred to Defendant Saul's hard drive as containing relevant documents concerning Plaintiff's work. Specifically, Plaintiff sought documents concerning the complete download history of computers with specific IP addresses between December 12, 2020 and January 18, 2022, requests for documents concerning the IP addresses and locations for Defendants' code development work for Plaintiff, and requests for documents concerning Defendant Saul's local source control folder. Now that Plaintiff knows that the hard drive is blank, Plaintiff is concerned that the relevant documents have been deleted, severely prejudicing the Plaintiff.

Although Defendants represent to this Court in counsel's letter dated August 29, 2022, that no files were deleted from Defendant Saul's hard drive and that Defendant Saul's computer was only used to remotely access Plaintiff's virtual machine, the veracity of these statements is questionable. Defendants' counsel previously stated by email dated August 17, 2022 and in a footnote in a letter to the Court dated August 19, 2022 (Docket No. 79), that the hard drive did not contain information pertaining to Plaintiff because Defendants had an obligation, pursuant to the Non-Disclosure Agreement between the parties, to destroy all of Plaintiff's confidential information in their possession 5 days after the termination of the parties' relationship (despite the fact that I advised the Defendants in writing one day after they were terminated that they should cease and desist from deleting any of Plaintiff's information). Moreover, independent expert Terry Patterson, in his initial report to this Court filed June 7, 2022 (Docket No. 49), stated that code was not deployed to Plaintiff's website from the virtual machine between September 26, 2021 and January 18, 2022. Therefore, Defendants' work for Plaintiff during that period must have been located on Defendant Saul's personal computer, which Defendants represented as the only computer used by Defendants for the work they were doing for Plaintiff.

Plaintiff renews its request for a pre-motion conference and for permission to make a motion for sanctions pursuant to F.R.C.P. 37(e) based on spoliation of critical evidence by the Defendants. Thank you for your consideration.

Sincerely,

Nicholas Fortuna

cc:   Renee Wong (via ECF)