**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

**NETWORK DATA ROOMS, LLC,**

                        **Plaintiff,**          Civil Case No.: 22-cv-02299-LGS

    -v-

**SAULREALISM LLC and RYAN SAUL, in**
**Her individual and professional capacities,**

                        **Defendants.**

---

MEMORANDUM OF LAW IN SUPPORT OF THE IMPOSITION OF SANCTIONS AGAINST PLAINTIFF AND PLAINTIFF'S COUNSEL AND REFERRAL OF THIS MATTER TO THE U.S. ATTORNEY'S OFFICE FOR THE SOUTHERN DISTRICT OF NEW YORK

 

Renee M. Wong, Esq.
Goldberger & Dubin, P.C.
*Of Counsel*
401 Broadway, Suite 306
New York, New York 10013
(212) 431-9380
Renee@wonglaw.net

## PRELIMINARY STATEMENT

Defendant Saulrealism LLC and Ryan Saul ("Defendants"), by its attorneys Goldberger & Dubin, P.C., submits this Memorandum of Law in support of the Order to Show Cause why the Court should impose sanctions up to and including dismissal of the action filed by Plaintiff, Network Data Rooms, LLC (hereinafter "NDR") and referral to the U.S. Attorney Office for the Southern District of New York for perjury and false statements made to this court.

NDR submitted a fraudulent document to this Court to obtain a favorable resolution on a pending motion. There is clear and convincing evidence demonstrating that this fraud was committed in bad-faith, caused extreme prejudice to the defense of this action, and is part of a pattern of on-going misconduct. Plaintiff fails to take any remedial measures or investigate the fraud upon this tribunal, and the provably false statements made by David Delorge. Plaintiff cannot prove this case without the testimony of its main witness David Delorge and this witness has intentionally committed a crime before this Court. Imposing sanctions, including termination of this action, is the only method to prevent misconduct from occurring in the future. Defendant further requests the imposition of monetary sanction, costs, and attorney's fees in connection with the misconduct.

## STATEMENT OF FACTS

The Court is respectfully referred to the accompanying Certification of Renee M. Wong, Esq., executed September 13, 2022, for a full recitation of the facts relevant to this memorandum in opposition.

**ARGUMENT**

I.     **TERMINATING SANTIONS ARE THE ONLY APPROPRIATE REMEDY FOR FRAUD ON THE COURT**

    a.   **NDR Committed Fraud on the Court through an Unconsciable Scheme to Interfere with the Judicial System's Ability to Impartially Adjudicate**

Fraud upon the court is "fraud which seriously affects the integrity of the normal process of adjudication." *Gleason v. Jandrucko*, 860 F.2d 556, 559 (2d Cir. 1988). The Court has inherent authority to impose sanctions. It well established that courts have "certain implied powers" that are necessary "to manage their own affairs." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991).

Prior to imposing sanctions pursuant to its inherent authority, a court must weigh:

(1) whether the misconduct was the product of intentional bad faith; (2) whether and to what extent the misconduct prejudiced the other party; (3) whether there is a pattern of misbehavior, rather than an isolated instance; (4) whether and when the misconduct was corrected; and (5) whether further misconduct is likely to continue in the future.

> *Fischman v. Mitsubishi Chem. Holdings Am., Inc.*, 2022 U.S. Dist. LEXIS 152452, *4, 2022 WL 3646205, (S.D.N.Y. Aug. 24, 2022), *quoting*, *McMunn v. Mem'l Sloan-Kettering Cancer Ctr.*, 191 F. Supp. 2d 440, 446, (S.D.N.Y. 2002).

Sanctions for fraud are warranted if it is established by clear and convincing evidence that a party has sentiently set-in motion some unconscionable scheme calculated to interfere with the judicial system's ability to adjudicate the action. *Id.* at *3.

### i. The Misconduct was a Product of Intentional Bad Faith

The fabrication of the Delorge email submitted to the Court was the product of intentional bad faith used for the purpose of influencing this Court, obtaining a favorable decision for Plaintiff. Plaintiff admits that the Delorge email was falsified and has offered apologies to the Court.

David Delorge did not submit a declaration in opposition to the imposition of sanctions. As such, counsel can only speculate about the circumstances surrounding the fraud. Noticeably absent from the opposition papers is a declaration from the CEO, Thomas Concannon who testified at the Preliminary Injunction hearing and submitted declarations in support of the injunctive relief therein. At this time, counsel is unaware if David Delorge will testify, and if his testimony would impute knowledge of the NDR's CEO, Thomas Concannon.

Plaintiff asserts that it did not know that non-party Delorge was submitting a false document to the Court. Delorge is a consultant for NDR, and is acting at the Plaintiff's direction. Termination sanctions can be imposed if an employee or agent of the Plaintiff engages in conduct warranting that sanction. *See Arista Records LLC v. USENET.com*, 633 F. Supp. 2d 124 (S.D.N.Y. 2009)(Ordering sanctions based upon the discovery abuses of Defendant's former employee, but ultimately finding that terminating sanctions were inappropriate for unrelated reasons). It would be highly contrary to public policy to rule that termination sanctions cannot issue merely because Delorge is not a principal in this closely held company.

### ii. NDR's Misconduct has Severely Prejudiced Defendants

The fraudulent Delorge email has significantly prejudiced the Defendants from being able to properly defend this action. In the early stages of this litigation, Defendant Saul had no

3

access to any substantive documents to assist with the preparation of the opposition to the Motion for Preliminary Injunction. As a result, Ryan Saul, through counsel, prepared a sworn Declaration relying upon that exhibit.[1]

David Delorge was the custodian for all NDR's electronic records. It has been shown that he has intentionally manipulated a document to gain a litigation advantage. This demonstrates this his willingness to lie knows no bounds. If he is willing to lie under oath to the Court, without consequence, there is no reason to be truthful to an adversary. Plaintiff's counsel has shown little regard to this manufactured evidence, which further frustrates the discovery process.[2]  Every piece of discovery defense counsel receives needs to be reviewed with the highest scrutiny to determine whether it can be corroborated thus increasing Defendant's litigation costs.

### iii. A Pattern of Misconduct has Emerged in Relation to the Falsified Evidence

Generally, perjury alone does not constitute fraud upon the court. Nevertheless, perjury can be considered fraud on the court when a party lies to the court and his adversary intentionally, repeatedly, and about issues that are central to the truth-finding process. *Passlogix, Inc. v. 2FA Tech., LLC*, 708 F. Supp. 2d 378, 393 (S.D.N.Y. 2010).

The contents of the Delorge email are critical to the claims and defense of this action. First, the dates were altered from January 2021 to October 2021. This was to support the NDR's narrative that Ryan Saul deceptively failed to check-in code after September 26, 2021. It further fabricates an admissible party admission of Ryan Saul that he had checked in the code into a

---

[1] The Saul Declaration was submitted in good-faith, and counsel did not notice the email's date discrepancy at the time of filing.
[2] Allyn & Fortuna, L.L.P., continues to argue that the substance of the forged email is not material to Plaintiff's claims.

certain branch called "Ryan Development" during this disputed time-period. Delorge knew that Saul did not check-in code to this branch in October 2021.

Moreover, as the second production of emails was produced to counsel (after being intentionally withheld), counsel discovered there were additional projects and repositories. The original email demonstrates that Ryan Saul had committed code to multiple projects throughout his consultant work with NDR. The "Ryan Development" branch is in a project currently titled "NDR-2021." Yet, the original email Mr. Saul indicates that he is committing code to "Project backend_v2." It appears that the fraudulent email was also used to prevent the discovery of other NDR repositories.[3]

The fraudulent email itself is only a window into the pattern of fraud and misconduct. Throughout this process, NDR has refused to provide the Defendant access to the Azure DevOps system. Independent expert Terry Patterson has prepared three reports based upon a single project entitled "NDR-2021." It has only come to light on September 7, 2022 that NDR has thirteen (13) projects each containing its own repositories.

The Delorge email was not an isolated incident of misconduct.[4] NDR has engaged in a series of discovery abuses including non-disclosure that has hindered this Court's ability to adjudicate the action.

---

[3] There were several emails produced between Thomas Concannon and David Delorge after Saul's termination about the high costs of the Azure subscription, and the need to reduce these costs by limiting the subscribed Azure services.

[4] Delorge also offered false testimony regarding his use of GITHUB, his redeployment of the code after Saul's termination, and his ability to change authentication information as the Global Administrator of NDR's system. Pursuant to Terry Patterson's report, there is no code on the Virtual Machine Ryan Saul used after January 18, 2021, and the defense position is that NDR has altered the contents of the Virtual Machine.

### iv. NDR took No Steps to Correct the Damage Caused by the Misconduct

NDR received notice regarding the potential falsification of the Delorge email during the preliminary injunction hearing. The Court advised both attorneys to verify the information they had received from their respective client. The Court explicitly warned Mr. Fortuna to speak with his non-party witness regarding the veracity of the Plaintiff's claims.

Plaintiff's counsel *reasonably should have* investigated the authenticity of the email after the preliminary injunction hearing. Upon confirmation from defense counsel regarding the fraudulent email, NDR has taken no corrective action to remedy the misconduct. NDR has not even withdrawn its pending motion despite knowing that it contains falsified evidence.

### v. Further Misconduct is Inevitable, and Would Continue in the Future

NDR claims that the submission of the manufactured email "was the result of a hasty review of the email and nothing more." [Document 87, pg. 10]. There is no doubt that NDR has abused the judicial system from which it sought relief. David Delorge is the custodian of the Plaintiff's electronic records. Pursuant to the expert's report, many of the logs dating back to Saul's termination are not retained in NDR's Azure DevOp system more than 90-days. Plaintiff prove its case without the testimony of David Delorge.

### b. Sanctions Including Termination are Warranted

Dismissal with prejudice is a particularly severe sanction, even for a fraud upon the court, and a decision to impose such a sanction must be made with restraint and discretion. *McMunn v. Mem'l Sloan-Kettering Cancer Ctr.*, 191 F. Supp. 2d 440, 442, (S.D.N.Y. 2002). Applying the

*McMunn* factors, Second Circuit courts have imposed the harsh sanction of dismissal in extreme situations where a party lies to the court and his adversary intentionally, repeatedly, and about issues that are central to the truth-finding process. *Fischman v. Mitsubishi Chem. Holdings Am., Inc.*, 2022 U.S. Dist. LEXIS 152452, *4, 2022 WL 3646205, (S.D.N.Y. Aug. 24, 2022).

NDR's misconduct has tainted these proceedings. Plaintiff contends that the claims against Mr. Saul are meritorious. However, NDR relies upon the expert reports that fail to evaluate twelve of the thirteen repositories. Dismissing the complaint is not the result of "isolated" or "rogue" conduct from one email, but a series of deceptive litigation practices.

## II. SANCTIONS AGAINST COUNSEL ARE APPROPRIATE FOR FAILURE TO PERFORM REASONABLY INQUIRIES

An attorney is entitled to rely on his or her client's statements as to factual claims when those statements are objectively reasonable. *Calloway v. Marvel Entertainment Group*, 854 F.2d 1452, 1470 (2d Cir. 1988). Upon being given notice to respond to the August 5, 2022 letter, Plaintiff's counsel failed to perform a reasonable factual inquiry regarding the falsified email. Mr. Fortuna's letter admits that the email was falsified, but states that the falsification was not important. [Document 72]. ("While not intended as an excuse, it is noted that the document in question is not relevant to the merits of Plaintiff's claims, nor was it submitted with the intent to induce the court to make a favorable finding on a material issue.").

Rather than investigate the NDR's claim, Mr. Fortuna proffers a fabricated excuse for David Delorge. Counsel's purported investigation of this fraud concludes that the Plaintiff's lead witness is not credible. Yet, Plaintiff's counsel continues to try to defend Delorge's action in their memorandum by stating "that it appears that the statement was not created for the Court's

consumption, but likely for the Plaintiff's." [Document No. 87, p10. Fn3]. The forwarded email is dated March 1, 2022 and was submitted not because Mr. Delorge was trying to deceive his employer but to support NDR's claim against Mr. Saul. This forged email was forwarded explicitly to Plaintiff's counsel for the purpose of Court intervention.

*Lawrence v. City of New York*, "showcases the importance of verifying a client's representation." 2018 U.S. Dist. LEXIS 126010, *1, 2018 WL 3611963 (S.D.N.Y 2018). Attorney Leventhal filed a civil rights action on behalf of a Plaintiff based upon photographs claimed to be taken days after the alleged incident. During discovery, contradicting information was elicited during depositions demonstrating the photographs were taken two-years after the incident. Defendants' attorneys confronted attorney Leventhal with the meta-data. As a result, Leventhal moved to withdraw as counsel and was not sanctioned.

David Delorge is NDR's main witness regarding the claims. Plaintiff's counsel relied on Delorge's representations and the false email to draft the documents submitted to this Court. Allyn & Fortuna, L.L.P. has been willfully blind of the misconduct committed by NDR, and furthers the misconduct by failing to perform factual inquires and diligence prior to making submissions to this Court.

Counsel's statements that "the substance of the falsified document is not material to the pending motion" and that an exhibit appended to a motion was "not submitted to obtain a favorable ruling" are inappropriate from an officer of the court when considering the egregious nature of the conduct.

### III.   Defendant Defers to the Court's Discretion on whether the Matter is Referred to the U.S. Attorney's Office

NDR and David Delorge have undoubtedly engaged in an unconscionable scheme sought to hinder this Court's ability to properly adjudicate this matter. The defense further submits that David Delorge has submitted a false material declaration under oath, in violation of 18 U.S.C. § 1623, which is readily proven beyond a reasonable doubt.

Ryan Saul has been extremely prejudiced by this illegal conduct and is willing to cooperate fully with an investigation. Mr. Saul's personal preference is that appropriate sanctions are imposed including termination of the action, monetary sanctions, and attorneys' fees. Noting the seriousness of the fraud presented to the tribunal, the defense defers to the Court's discretion on whether the matter is referred for criminal investigation.

### CONCLUSION

For all the foregoing reasons, it is requested that the Court impose sanctions including termination of the action, monetary sanctions to the Clerk of the Court and to Defendants, and an award the Defendants' attorneys' fees.

Dated:  New York, New York
        September 13, 2022                                Respectfully submitted,

                                                         Goldberger & Dubin, P.C.

                                                         /s/Renee M. Wong
                                                         Renee M. Wong, Esq.
                                                         *Of Counsel*
                                                         401 Broadway, Suite 306
                                                         New York, New York 10013
                                                         Tel: (212) 431-9380
                                                         Fax: (212) 966-0588
                                                         Email: renee@wonglaw.net