UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**NETWORK DATA ROOMS, LLC,**

                        **Plaintiff,**          Civil Case No.: 22-cv-02299-LGS

     -v-

**SAULREALISM LLC and RYAN SAUL, in
Her individual and professional capacities,**

                        **Defendants.**

### CERTIFICATION OF RENEE M. WONG IN SUPPORT OF THE IMPOSITION OF SANCTIONS AGAINST PLAINTIFF AND PLAINTIFF'S COUNSEL AND REFERRAL OF THIS MATTER TO THE U.S. ATTORNEY'S OFFICE

Renee M. Wong, an attorney admitted to practice law before this Court, hereby certifies as follows:

1. I am *of counsel* for the law firm Goldberger & Dubin, P.C., attorneys of record for the Defendants SAULREALISM LLC (hereinafter "Saulrealism") and RYAN SAUL (hereinafter "Mr. Saul").[1]

2. I submit this Certification in response to the Court's August 16, 2022 Order to Show Cause as to why the Court should not impose sanctions against Plaintiff NETWORK DATA ROOMS, LLC (hereinafter "NDR" or "Plaintiff") including dismissal of this action and a referral to the United States Attorney's Office for the Southern District of New York for perjury and statements made this Court. [Document No. 75].

3. Plaintiff has engaged deliberately in deceptive practices that undermine the integrity of judicial proceedings, and terminating sanctions is the only appropriate remedy.

---

[1] Defendant Ryan Saul is male.

1

4. NDR has demonstrated that their willingness to lie knows no bounds, and such conduct is destructive to the justice system.

5. Further, despite NDR's counsel Allyn & Fortuna, L.L.P., being confronted with overwhelming evidence of continued misdeeds, the firm has refused to meet their obligations as officers of the court.

6. Plaintiff's counsel has filed letters with the Court with factual assertions and denial of factual assertions which are not reasonably supported upon the evidence that is within their party's possession in violation of Rule 11.

7. NDR and their counsel's deceitful litigation tactics have made this case needlessly difficult and expensive for the Defendants to defend.

8. Due to the Plaintiff's willingness to lie and Mr. Fortuna's cavalier attitude toward fraud on the Court, I must be hyper-vigilant to verify any piece of discovery I receive.

9. On March 25, 2022, NDR filed a motion for a Preliminary Injunction and Temporary Restraining Order, and included a falsified email in support of NDR's motion [Document No. 9].

10. In opposition to Plaintiff's motion, on April 11, 2022 Defendant Ryan Saul filed a Declaration. [Document No. 24].

11. This declaration states:

    "34. On or about October 2021, I created a new 'branch' called 'Ryan Development.'"

12. The declaration continues to state that new code was deposited into the "Ryan Development" branch.

13. On or about April 2022, defendants and their counsel did not have any meaningful substantive documents to oppose the Preliminary Injunction Motion and was only able to rely upon the information appended as plaintiff's exhibits.

14. At the time of the submission, undersigned counsel did not have any reason to believe that the email submitted to the Court was false.

15. I relied on the false email to submit opposition papers to this Court and prepared a declaration, certification, and memorandum of law based upon a false assertion that Mr. Saul was committing code to a repository branch called "Ryan Development" in October 2021.

16. I discovered the discrepancy with the dates of the email during preparation for cross-examination for the two-day hearing, and confronted David Delorge regarding the dates of the emails.

17. During the hearing, the Court cautioned both lawyers stating, "... there is what sounds to me like perjury and fraud on the Court going on, and it strikes me that maybe both lawyers would be well served to have serious conversations with your clients, but also, in the case of Mr. Fortuna, with your witnesses." [Document No. 37] *Transcript of hearings* pg. 117.

18. Despite glaringly obvious discrepancies regarding dates in the false email, Mr. Fortuna argues to the Court:

> Mr. Fortuna:   So I disagree with your Honor in the sense of that a couple of things. I understand it was our burden of proof, so we presented documents that in no way were challenged as not being correct or original. The was no countervailing evidence. **There was no cross-examination. There was nothing to suggest that those are fake documents.**
> [Document No 37] pg. 118 (emphasis added).

19. On May 10, 2022, independent expert Terry Patterson was appointed to review NDR's Azure DevOps system. [Document No. 42].

20. Mr. Patterson prepared three reports filed with the Court on June 14, June 30, and July 27,  [Document No. 49, 58, 67].

3

21. Mr. Patterson's report is extraordinarily clear that he is reviewing **only one** repository:[2]

    a. "There is a master repository and 13 branches in the NDR-2021 source repository." [Document No. 49] at pg 8-10, 13 (includes screenshots of only the NDR-2021 project).

    b. "1. It is my assessment that there was no code deposited to any of the branches in the NDR-2021 source code repo after 9/26/2021.

       2. My assessment is not limited to the Development Branch since my review covered all the active NDR Azure DEVOPS projects and all active branches in each project." [Document No. 58] at 12-13 (includes a screenshot of only the NDR-2021 project).[3]

    c. "The logs include all commits starting January 18, 2021 showing initialization of this repository at 10:43am." [Document 67] at pg 3.

22. On August 5, I filed a letter underseal notifying the Court of the falsified exhibit.

23. The exhibit falsified the dates of the emails, as well as Mr. Saul's response regarding where the code was being committed to within NDR's Azure DevOps system.

24. This fraudulent email changes Mr. Saul's email response from the code being committed to "project backend _v2. Branch name is GraphAPILogin" to "New branch under Ryan Development.[4]"

25. "Ryan Development" is a branch in the NDR-2021 repository.

---

[2] Pursuant to a letter submitted by NDR to the Court dated September 7, 2022, NDR has thirteen (13) projects each having its own repositories.

[3] Mr. Patterson's report repeats that there has been no code committed to **any** NDR project or repository since September 26, 2021. This is demonstrably false based upon the emails counsel received through discovery dated after January 14, 2022. Those emails were intentionally withheld, and only produced upon Order of the Court.

[4] A subsequent email has been produced in the second batch of emails (Plaintiff's Prod 002729), appended as exhibit A. This was not produced in the original production of emails, despite it being dated prior to January 14, 2022.

4

26. "Project backend_v2" is an entirely different repository that was never intended to be disclosed to the expert, counsel, or the Court.

27. On August 9, 2022, Nicholas Fortuna filed a letter response stating that (i) neither Plaintiff nor its counsel knowingly submitted a false document; (ii) it is believed that the falsification was an committed by Delorge to appease NDR; (iii) the substance of the falsified document is not material to the motion, and was not submitted to obtain a favorable ruling; and (iv) Delorge's testimony was corroborated by Terry Patterson.

28. Upon receiving the August 16, 2022 Order to Show Cause the parties agreed to stay discovery and extend the deadlines set forth in the Case Management and Scheduling Plan.[5]

29. On August 22, 2022, the Court Ordered that NDR produce the emails from David Delorge from January 14, 2022 through present that were intentionally withheld from production to the defense.

30. Included in these emails were the names of Azure DevOps projects that had never been identified.

31. This second batch of production contained emails generated from NDR's Azure DevOps system after January 14, 2022.

---

[5] Although Mr. Fortuna agreed in writing to stay discovery pending the results of the termination motion, he sends harassing communication to me that I am in violation of the Case Management Order and that Mr. Saul must be produced for a deposition on September 29, 2022. Mr. Fortuna further refuses to permit counsel to inspect NDR's Azure DevOps system because "…access to Plaintiff's repository was provided to Terry Patterson and he was reported on what is there. Should Defendants retain an expert, and following retention the expert determines it needs access to Plaintiff's Azure DevOps account, such access can be discussed.. with the court's guidance." I am not producing Ryan Saul for a deposition on September 29, 2022, because there is a pending termination motion and there are substantial discovery disputes that must be resolved prior to depositions. The current end of fact discovery is November 11, 2022.

5

32. The first email production I received did not have any emails generated from NDR's Azure DevOps system, and I have serious concerns that emails were withheld from production.

33. On August 30, 2022, upon review of the withheld emails I filed a letter requesting that NDR produce the names of all projects and repositories.

34. On September 7, 2022, NDR filed a letter naming thirteen (13) projects, each having its own repositories.[6]

35. NDR-2021 was only one of the projects listed.

36. There are only two possibilities here: (1) NDR-2021 was the only project provided to expert Terry Patterson or (2) Plaintiff instructed Mr. Patterson not to review and report about the other projects.

37. The fraudulent email submitted to the Court is not an isolated incident, and the fallout has been far reaching.

38. I do not know who beyond David Delorge has knowledge regarding the particular falsification of the email, however, the falsification of the email appears to be a larger scheme to withhold information regarding the existence of multiple repositories.

39. Plaintiff's allegedly "meritorious claims" are almost solely based upon information from David Delorge who has perjured himself before this Court.

40. NDR and its counsel have failed to re-evaluate the veracity of the claims against Mr. Saul.

---

[6] Mr. Fortuna writes to the Court that I never requested information regarding Plaintiff's Azure account. Please see footnote 5, where Mr. Fortuna denies my access to Plaintiff's Azure account. Mr. Fortuna states that "Mr. Patterson was able to freely access all information and projects." As an officer of the court, when Mr. Fortuna makes a statement, FRCP 11 requires that this representation be supported by facts and a reasonably inquiry.

41. Mr. Fortuna has failed to perform the necessary diligence required by Rule 11 prior to submitting letters and other submissions to this Court.

42. I have never imputed knowledge or intent on Plaintiff's counsel for the submission of the falsified document, however, Mr. Fortuna has taken no reasonable steps to remedy or investigate the facts he has set forth to the Court.

43. Mr. Saul has been significantly prejudiced by the fraud on this Court, has sustained damage to his professional reputation and has paid substantial legal fees in connection with this action.

Dated: September 13, 2022
      New York, New York

Respectfully submitted,

Goldberger & Dubin, P.C.

/s/Renee M. Wong
Renee M. Wong, Esq.
*Of Counsel*
401 Broadway, Suite 306
New York, New York 10013
Tel: (212) 431-9380
Fax: (212) 966-0588
Email: renee@wonglaw.net