**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------X
                                                                                            :
NETWORK DATA ROOMS, LLC,                     :
                          Plaintiff,        :
                                              :          22 Civ. 2299 (LGS)
                -against-                :
                                              :              ORDER
SAULREALISM LLC, et al.,                       :
                          Defendants.    :
-------------------------------------------------------------------X

LORNA G. SCHOFIELD, District Judge:

       WHEREAS, on March 21, 2022, Plaintiff Network Data Rooms, LLC ("NDR") commenced this action to recover from Defendants Saulrealism LLC and Ryan Saul, NDR's missing source code.

**Background**

       WHEREAS, Plaintiff filed an *ex parte* motion for a temporary restraining order and preliminary injunction on March 22, 2022. Plaintiff seeks to enjoin Defendants from "destroying, disclosing, transferring, or in any way using any of Plaintiff's confidential, proprietary, and trade secret information including but not limited to, the codebase of the DealTable Virtual Data Room Platform software, and the decompiled source code written by Defendants between September 26, 2021 and January 18, 2022" ("Prohibitive Relief"). In addition, Plaintiff seeks a "mandatory preliminary injunction directing Defendants to turn over to Plaintiff the original and all copies of the codebase of the DealTable Virtual Data Room Platform software and the decompiled source code written by Defendants between September 26, 2021 and January 18, 2022, in their possession, custody, or control" ("Mandatory Relief").

       WHEREAS, in support of its motion, Plaintiff submitted declarations from David Delorge and Christopher Concannon. Delorge was Chief Cloud Architect and Cloud Security

Engineer consultant for Plaintiff, and Christopher Concannon is one of NDR's members. Following an *ex parte* oral argument with Plaintiff's counsel, a temporary restraining order for Prohibitive Relief was entered. On April 11, 2022, Defendants submitted a memorandum of law in opposition to a preliminary injunction along with a supporting declaration from Ryan Saul. Defendants oppose only the Mandatory Relief. On April 18, 2022, Plaintiff filed a reply certification and declarations from Thomas Concannon, who is the CEO of Plaintiff, and David Delorge.

WHEREAS, a show cause hearing for the preliminary injunction and temporary restraining order was held on April 20, 2022, and April 21, 2022. The parties called three declarants as witnesses: David Delorge, Thomas Concannon and Ryan Saul. At the hearing, Delorge testified in substance that the decompiled source code was missing and that Saul was the last person to work on it and must have taken it. Saul testified in substance that he never removed the code and never downloaded it onto a personal device or otherwise into his exclusive control. At the conclusion of the evidentiary hearing, the Court reserved decision on Plaintiff's motion based on the clear dispute of fact and to obtain further evidence.

WHEREAS, on May 10, 2022, the Court appointed Terry Patterson to serve as an independent expert pursuant to Federal Rule of Evidence 706, and the parties' proposed scope of review and questions were adopted. Mr. Patterson has over fifteen years of experience with Microsoft Azure and has obtained numerous Microsoft certifications. On June 7, 2022, Mr. Patterson filed his initial report. Mr. Patterson provided a supplemental report on June 30, 2022, in response to the parties' additional questions. He provided a second supplemental report on July 27, 2022, in response to questions from the Court. The parties simultaneously filed closing statements on July 12, 2022.

WHEREAS, during Delorge's cross-examination at the preliminary injunction hearing, Defendants' counsel observed that one of the exhibits Plaintiff offered into evidence contained discrepancies that raised questions about the authenticity of the document.  Emails purportedly exchanged between Delorge and Saul were dated "*Saturday*, October 19, 2021," and "*Saturday*, October 20, 2021."  Judicial notice was taken that October 19, 2021, was a Tuesday.  On August 5, 2022, Defendants submitted a letter via email regarding the potential falsification of evidence in this action.  Plaintiff responded in a letter dated August 9, 2022, acknowledging that Defendants' counsel had "raised legitimate concerns regarding the email attached to Mr. Delorge's declaration, which were also previously raised during Mr. Delorge's cross-examination."  A hearing was then scheduled for September 20 and subsequently adjourned to October 27, 2022, for Plaintiff to show cause as to why the Court should not impose sanctions for perjury and false statements made to this Court.  Plaintiff was directed to produce Delorge unless Delorge stated in an affidavit filed with the Court that he intends to assert his Fifth Amendment right against self-incrimination.  On September 21, 2022, the Court received from Delorge a signed affidavit asserting his Fifth Amendment right against self-incrimination.

WHEREAS, on August 30, 2022, Plaintiff submitted a memorandum of law opposing the imposition of sanctions.  On September 13, 2022, Defendants filed their memorandum of law in support of the same.  At this time, Delorge no longer works at NDR.

**Legal Standard**

WHEREAS, a party seeking a preliminary injunction must establish "(1) either (a) a likelihood of success on the merits or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in the movant's favor, and (2) irreparable harm in the absence of the injunction." *Kelly v. Honeywell Int'l, Inc.*, 933 F.3d 173, 184 (2d Cir. 2019) (quoting *Faiveley Transp. Malmo AB v. Wabtec*

*Corp.*, 559 F.3d 110, 116 (2d Cir. 2009)).[1]  The Second Circuit has generally applied this standard in trade secret cases.[2]

WHEREAS, "mandatory injunctions compelling affirmative action rather than merely prohibiting certain conduct must meet a higher standard." *JLM Couture, Inc. v. Gutman*, 24 F.4th 785, 799 n.16 (2d Cir. 2022) (noting that a mandatory injunction "should issue only upon a clear showing that the moving party is entitled to the relief requested, or where extreme or very serious damage will result from a denial of preliminary relief" (internal quotation marks omitted)).  For a mandatory preliminary injunction, the movant must "make a strong showing of irreparable harm and demonstrate a clear or substantial likelihood of success on the merits."  *A.H. by & through Hester v. French*, 985 F.3d 165, 176 (2d Cir. 2021) (internal quotation marks omitted).  The parties agree that the portion of the preliminary injunction that directs Defendants to turn over the source code and all copies is mandatory.

**Clear or Substantial Likelihood of Success on the Merits**

WHEREAS, Plaintiff cannot show a clear or substantial likelihood of success on the merits.  Thus far, the evidence presented by the parties -- their written submissions and the evidence and argument presented at the evidentiary hearing -- offers two irreconcilable stories.  On the one hand is testimony from Delorge: that Saul downloaded, without authorization, NDR's

---

[1]  The Second Circuit has articulated different versions of this standard.  *Compare N. Am. Soccer League, LLC v. U.S. Soccer Fed'n, Inc.*, 883 F.3d 32, 37 (2d Cir. 2018) (three-factor test), *with Benihana, Inc. v. Benihana of Tokyo, LLC*, 784 F.3d 887, 895 (2d Cir. 2015) (four-factor test weighing balance of hardships separately from merits issues).

[2]  This standard does not include the public interest as a requirement.  *Compare Int'l Bus. Machines Corp. v. Johnson,* 355 F. App'x 454, 455 (2d Cir. 2009) (summary order), *and Wabtec Corp.*, 559 F.3d at 116, *and Norbook Lab'ys Ltd. v. G.C. Hanford Mfg. Co.*, 126 F. App'x 507, 508 (2d Cir. 2005) (summary order), *with Mason v. Amtrust Fin. Services, Inc.*, 848 F. App'x 447, 449 (2d Cir. 2021) (summary order) (articulating a four-factor standard that includes public interest).

codebase from the DealTable VDR Platform to a self-owned GitHub repository and, beginning on September 26, 2021, performed his coding work including changes to the source code and the creation of new code to build out the DealTable VDR Platform on a personal computer and saved the source code on a hidden, self-owned GitHub repository. On the other hand is testimony from Saul: that he never downloaded NDR's codebase, always used the Azure Active Directory User account to access the DealTable VDR Platform codebase and source code, does not have a GitHub repository and checked in all the work he completed to NDR's secure Azure DevOps Source Code Repository. Principally, the case turns on the statements of one witness against those of the other.

WHEREAS, prior to Delorge's misconduct being discovered, the expert Terry Patterson conducted a review of NDR's Microsoft Azure account, the Azure DevOPS repository and Saul's virtual machine provided by NDR. Mr. Patterson opined that code was not deployed from Saul's virtual machine to the deal table website during the relevant period, that no code was saved to the DevOPS repository during the relevant period and that Saul must have downloaded the code to a PC to make changes and complete builds for the website during the relevant period. However, Mr. Patterson's review was limited to a project named "NDR 2021." NDR has twelve other projects on the DevOPS account. Mr. Patterson also found that Delorge was assigned a Global Administrator role and "would have been able to modify the password and change the multifactor authentication credentials including [the] phone number for [Saul's] account."

WHEREAS, the issue of falsified evidence leaves this Court with minimal reliable evidence to consider. Needless to say, none of the testimony provided by Delorge is credible, as he has now asserted his Fifth Amendment right against self-incrimination in response to accusations of altering evidence. Delorge's misconduct also casts doubt on the expert's findings. Whether Delorge was in a position to change anything that the expert reviewed, thus affecting

his conclusions, and whether Delorge could have deleted the code at issue and concealed the deletion, are open questions. Without clear answers, and without knowing the full extent of Delorge's fraud on the Court, the expert's testimony cannot be wholly relied upon either.

WHEREAS, at this stage, Plaintiff has not presented sufficient credible evidence to show a clear or substantial likelihood of success on the merits. Any balance of hardships tips decidedly in Defendants' favor if Saul is ordered, on pain of contempt sanctions, to produce code that he does not have.

**Irreparable Harm**

WHEREAS, because Plaintiff cannot show a likelihood of success on the merits, this opinion does not address the issue of irreparable harm. It is hereby

**ORDERED** that, for the foregoing reasons, Plaintiff's motion for a temporary restraining order and a preliminary injunction is GRANTED in part and DENIED in part. Prohibitive Relief is granted as unopposed. Mandatory Relief is denied.

Dated: September 23, 2022
       New York, New York

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**