**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------X
                                                                  :
NETWORK DATA ROOMS, LLC,                                          :
                                   Plaintiff,                     :
                                                                  :     22 Civ. 2299 (LGS)
             -against-                                            :
                                                                  :     **ORDER**
SAULREALISM LLC, et al.,                                          :
                                   Defendants.                    :
                                                                  :
------------------------------------------------------------------X

LORNA G. SCHOFIELD, District Judge:

WHEREAS, on September 23, 2022, Plaintiff's motion for a temporary restraining order and a preliminary injunction was granted in part and denied in part (the "Opinion"). Prohibitive relief was granted as unopposed, enjoining Defendants from "destroying, disclosing, transferring, or in any way using any of Plaintiff's confidential, proprietary, and trade secret information including but not limited to, the codebase of the DealTable Virtual Data Room Platform software, and the decompiled source code written by Defendants between September 26, 2021 and January 18, 2022." The request for a "mandatory preliminary injunction directing Defendants to turn over to Plaintiff the original and all copies of the codebase of the DealTable Virtual Data Room Platform software and the decompiled source code written by Defendants between September 26, 2021 and January 18, 2022, in their possession, custody, or control" was denied.

WHEREAS, on October 5, 2022, Plaintiff moved for reconsideration of the Court's Order denying the mandatory injunction. Plaintiff asserts that the Court "overlooked key findings contained in Mr. Patterson's report" and "should have found that NDR established a clear or substantial likelihood of success on the merits irrespective of David Delorge's misconduct."

WHEREAS, a motion for reconsideration should be granted "only when the [party seeking reconsideration] identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Cho v. Blackberry Ltd.*, 991 F.3d 155, 170 (2d Cir. 2021) (internal citation omitted).  The standard "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked -- matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Id.* (internal citation omitted).  A motion for reconsideration is not "a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." *Analytical Survs., Inc. v. Tonga Partners*, 684 F.3d 36, 52 (2d Cir. 2012) (internal quotation marks omitted); *accord Dill v. JPMorgan Chase Bank, N.A.*, No. 19 Civ. 10947, 2021 WL 3406192, at *11 (S.D.N.Y. Aug. 4, 2021).  The decision to grant or deny a motion for reconsideration rests within "the sound discretion of the district court." *Aczel v. Labonia*, 584 F.3d 52, 61 (2d Cir. 2009); *accord Strougo v. Barclays PLC*, 334 F. Supp. 3d 591, 595 (S.D.N.Y. 2018).

WHEREAS, the motion does not identify "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Cho*, 991 F.3d at 170.  The facts raised in the motion -- that is, the scope and substance of Mr. Patterson's expert reports -- were before the Court in connection with Plaintiff's motion for a temporary restraining order and preliminary injunction, which was denied because "Plaintiff ha[d] not presented sufficient credible evidence to show a clear or substantial likelihood of success on the merits" as required under *Kelly v. Honeywell Int'l, Inc.*, 933 F.3d 173, 184 (2d Cir. 2019), and "[a]ny balance of hardships tips decidedly in Defendants' favor if [Defendant] Saul is ordered, on pain of contempt sanctions, to produce code that he does not have."

In the motion, Plaintiff claims that the Court misapprehended the scope of Mr. Patterson's review and report, and that the technical functionality of Microsoft Azure Repositories made it impossible for Delorge to delete code and conceal its deletion. Plaintiff's argument rests on the belief that, relying in considerable part -- if not entirely -- on Mr. Patterson's findings, the Court has sufficient credible evidence at this pre-discovery stage of litigation to rule out the plausibility of Saul's testimony. Plaintiff's argument glosses over the reality that its primary witness, Plaintiff's "chief cloud architect and [it's] security architect for all of the application IT infrastructure and security" who was responsible for "overseeing the infrastructure platform on which DealTable VDR Platform is being built, making sure that all services and code were being backed up and had high availability and governance, and in implementing and monitoring security protocols," committed fraud on the court and has now asserted his Fifth Amendment right against self-incrimination. Plaintiff argues that Delorge's misconduct is "unrelated to the crux of NDR's claims," but as explained in the Opinion, the full extent of Delorge's fraud on the Court remains unknown.

Whether the scope of Mr. Patterson's review extended beyond the NDR-2021 project at times, or whether Delorge could have tampered with the code in the precise way reviewed by Mr. Patterson does not affect the outcome of the Court's analysis. Plaintiff's request for a mandatory injunction -- from a Defendant who testified repeatedly that he is not in possession of the code -- is subject to a higher standard under *JLM Couture, Inc. v. Gutman*, 24 F.4th 785, 799 n.16 (2d Cir. 2022). Without the testimony of its primary witness, and in light of the fraud on the Court, Plaintiff does not satisfy this burden. It is hereby

**ORDERED** that Plaintiff's motion for reconsideration is DENIED.

The Clerk of Court is respectfully directed to close the motion at Dkt. No. 105.

Dated: October 12, 2022
New York, New York

_____
**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**