

**ALLYN & FORTUNA LLP**
ATTORNEYS AT LAW

NEW YORK
400 MADISON AVE., 10TH FL
NEW YORK, NEW YORK, 10017
TELEPHONE: (212)213-8844
FACSIMILE: (212)213-3318

NEW JERSEY
51 JFK Parkway
Short Hills, New Jersey 07078
Telephone (973) 379-0038
Facsimile (973) 379-0048

WWW.ALLYNFORTUNA.COM

October 14, 2022

**Via ECF**
Honorable Lorna G. Schofield
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

                Re:    22-cv-02299-LGS
                        *Network Data Rooms, LLC v. Saulrealism LLC et al*

Dear Judge Schofield,

      Allyn & Fortuna LLP represents the plaintiff Network Data Rooms, LLC ("Plaintiff") in connection with the above-referenced action.

      Plaintiff submits this letter in response to the Court's Order dated October 5, 2022 regarding the Reply Affidavit submitted by David Delorge sworn to on September 17, 2022.

      Plaintiff and its counsel have reviewed Mr. Delorge's Affidavit and supporting email. With regard to the following statement made by Mr. Delorge in his affidavit:

> "As for the 'Email' in question, the 'Original Email thread is attached', for your review in its entirety. I did not give this email to any lawyers, and the information I provided Network Data Rooms, is also attached"

it is Plaintiff's position that to the extent that Mr. Delorge attaches the unaltered original email chain between him and defendant Ryan Saul that Plaintiff produced to Defendants as part of discovery, his statement is true that the email had not been provided to Plaintiff's attorneys at the time that Mr. Delorge provided the altered email chain dated October 19-20, 2021. The email chain from January 16, 2021-January 17, 2021 was first provided to Plaintiff's attorney in July 2022, during the collection of documents as part of the discovery in this action.

      As far as the doctored email is concerned, Plaintiff's counsel has shown through Exhibits "A" and "B" to the Affidavit of Paula Lopez submitted in opposition to the imposition of sanctions that Mr. Delorge provided the doctored email to Plaintiff's counsel.

      With regard to the additional six emails that Mr. Delorge submits to the court along with his Reply Affidavit, five of the emails consist of internal emails between Mr. Delorge and Network Data Rooms' principals and one email is the email I sent him informing him of this Court's order

dated August 16, 2022. The email I sent him demonstrates that he was given prompt notice of the hearing. The significance of the other emails exchanged between David Delorge and Plaintiff's principals is discussed below.

1. Two of the email chains begin on January 14, 2022 and continue through January 18, 2022. One of the two email chains ends with Mr. Delorge' email to Chris Concannon at 9:29 a.m., confirming that Ryan Saul's access to NDR's Azure Network was removed. (Doc. 106 pp. 11 to 14). The second email chain covering the same dates includes an additional email from Chris Concannon at 10:26 a.m. informing Mr. Delorge that NDR is giving defendant Saul one last chance and to restore his access to the network, and Mr. Delorge's response at 10:27 a.m., confirming that access was restored. (Doc. 106, pp. 5 to 9).

   While this email is not relevant to the doctored email at issue as part of the OTSC, it is contemporaneous evidence of the events that transpired on January 18, 2022 prior to the second and final termination of defendants by NDR.

2. Email from David Delorge to Thomas Concannon, Jack Concannon and Chris Concannon dated January 18, 2022 with various screen shots taken that day documenting defendant Saul's action with regard to the deletion of the DealTable website on January 18, 2022. (Doc. 106, pp. 22-26).

   While this email is not relevant to the doctored email at issue as part of the OTSC, it is contemporaneous evidence of defendant Saul's deletion of the DealTable website.

3. Email chain between January 19, 2022 and February 20, 2022 between David Delorge, NDR's Principals and NDR's attorney. (Doc. 106, pp. 15-19). The emails exchanged on January 19, 2022 pertain to scheduling a call between NDR and its counsel to discuss the events that transpired on January 18, 2022 and Mr. Delorge's summary of the events surrounding the deletion of the DealTable website and application by Defendants and subsequent restoration by Mr. Delorge. (Doc. 106, pp. 17-19). The February 19-20, 2022 emails within the chain consist of emails between Mr. Delorge and Thomas Concannon, and Chris Concannon, once it was discovered that the decompiled code was missing for the period of September 26, 2021 and January 16, 2022 (Doc 106, p 16) and an email from Thomas Concannon to David Delorge (copying NDR's attorney) requesting that Mr. Delorge clarify the dates/times in his earlier timeline from January 19, 2022. (Doc. 106, p.15.).

   While these emails are not relevant to the doctored email at issue as part of the OTSC, it shows that Plaintiff did not know about the missing code until approximately one month after defendant Saul was terminated.

4. Email dated February 21, 2022 from David Delorge to Thomas Concannon discussing the missing source code and describing the missing code stolen by defendant Saul and the differences between the code that was deployed and what is saved on NDR's repository. (Doc. 106, pp. 20-21).

>While this email is not relevant to the doctored email at issue as part of the OTSC, it represents a preliminary assessment of the scope of defendant Ryan Saul's conduct and mishandling of the code in violation of established NDR rules and policies and the problems he caused NDR to suffer as a result of not checking in any of the code written after September 26, 2021.

As demonstrated in Plaintiff's papers, neither Plaintiff nor counsel was aware of the existence of the original unaltered email chain or the irregularities of the doctored email at the time of attaching it as an exhibit to Mr. Delorge's declaration. Had Plaintiff's counsel noticed the discrepancies, inquiries would have been made into the irregularities and Plaintiff would never have knowingly submitted a potentially altered document into court in support of its motion for a preliminary injunction. Therefore, for the reasons stated in Plaintiff's papers filed August 30, 2022, Plaintiff should not be sanctioned because of Mr. Delorge's conduct.

Thank you for your consideration.

Respectfully submitted,

/s/

Nicholas Fortuna


Cc: Renee Wong, Esq. (via ECF)