UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
                                                    :

NETWORK DATA ROOMS, LLC,          :

                        Plaintiff,    :

                                   :          22 Civ. 2299 (LGS)

             -against-        :

                                   :             <u>ORDER</u>

SAULREALISM LLC, et al.,           :

                      Defendants. :

                                   :
-------------------------------------------------------------X

LORNA G. SCHOFIELD, District Judge:

WHEREAS, in a letter filed on April 20, 2026 (Dkt. No. 113), Defendant Ryan Saul requested to seal the case (the "Motion to Seal").

WHEREAS, the common law right of public access to judicial documents is firmly rooted in our nation's history," but this right is not absolute and courts "must balance competing considerations against" the presumption of access.  *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006) (internal quotation marks omitted).

WHEREAS, judicial documents can be sealed only in circumstances that satisfy a rigorous  three-part inquiry.  *See Olson v. Major League Baseball*, 29 F.4th 59, 87-88 (2d Cir. 2022).  The first question is whether the document is "a judicial document subject to the [presumed] right of public access," meaning that the document is "relevant to the performance of the judicial function and useful in the judicial process."  *Lugosch*, 435 F.3d at 119.  The second step, if the presumption of access attaches, is to determine the weight of the presumption by assessing "the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts."  *Id.*  The third step is to balance against the presumption any "competing considerations" that weigh in favor of

preventing public access, such as "the danger of impairing law enforcement or judicial efficiency and the privacy interests of those resisting disclosure." *Id.* at 120. In weighing the presumption of access against competing considerations for non-disclosure, a court must consider the public's "qualified First Amendment right of access" and can seal documents based on this right only "if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Id.*

WHEREAS, in this case, the documents sought to be sealed are judicial documents to which the presumption of public access applies. "Step one of the Circuit's test is easily satisfied: the information [Saul] wants to seal consists of the entire case file," including decisions by the Court. *Hui v. Fed. Rsrv. Bank of New York*, No. 24 Civ. 6788, 2025 WL 1294860, at *2 (S.D.N.Y. May 4, 2025).

WHEREAS, with respect to step two, "the presumption of public access to the information [Saul] seeks to shield from the public has extraordinarily substantial weight." *Id.* "Sealing an entire case file, or any significant part of it, is particularly disfavored, because it conceals the very existence of lawsuits from the public." *Veleron Holding, B.V. v. Stanley*, No. 12 Civ. 5966 CM, 2014 WL 1569610, at *6 (S.D.N.Y. Apr. 16, 2014) (internal quotation marks omitted); *accord Humphreys v. New York City Health & Hosps. Corp.*, No. 16 Civ. 9707, 2026 WL 221123, at *3 (S.D.N.Y. Jan. 28, 2026) ("[A] Court may only permit the sealing of an entire case file as a last resort. Given this, courts routinely deny requests to seal an entire case. . . . A desire to prevent the public from accessing case materials is insufficient to warrant sealing, particularly the sealing of an entire case.") (internal quotation marks omitted). Step two "weighs heavily against" Saul's "request to seal the case as a whole." *Hui*, 2025 WL 1294860, at *3

2

WHEREAS, regarding step three, "[c]ourts in this Circuit have regularly held that mere embarrassment or reputational injury are not sufficient reasons to seal a document." *In re Reyes*, No. 23 Civ. 04185, 2023 WL 8184933, at *4 (S.D.N.Y. Nov. 25, 2023).  Saul's concern that the public availability of the case documents affect his professional reputation is "insufficient to overcome the presumption of access to judicial documents." *Id.*; *see also Hui*, 2025 WL 1294860, at *3 ("[R]eputational interests do not justify sealing the case in its entirety.").  Additionally, the request to seal the entire case is not "narrowly tailored."  Considering these factors, the right of public access to judicial documents substantially outweighs the private interests underlying the request to seal the entire case.  It is hereby

**ORDERED** that the Motion to Seal is **DENIED** for the foregoing reasons.  Similar principles apply in the Court of Appeals, but if Saul wishes to seal the case on appeal, he must make a separate application there.

The Clerk of Court is respectfully directed to close the motion at Dkt. No. 113.

Dated: April 27, 2026
New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

3